CAGUAS LUMBER YARD, INC., ET AL., peticionarias, *v.* TRIBU-
NAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON.
J. C. SANTIAGO MATOS, JUEZ, demandado; JUAN CARRAS-
QUILLO ECHEVARRÍA y OTROS, interventores.

*Número:* O-68-100      *Resuelto:* 28 de enero de 1969

*Rodríguez Ema & Rodríguez Ramón, Rodolfo Sequeira* y *Nicolás Jiménez,* abogados de las peticionarias; *Marcelino Delgado Medina,* abogado de los interventores.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Cuatro obreros nombrados Juan Carrasquillo Echevarría, Evaristo Rodríguez Almeda, Manuel Flores y Rodolfo Pérez Castro, radicaron una demanda en el Tribunal Superior, Sala de Caguas, contra Caguas Lumber Yard, Inc., Ferretería Massó, Inc., Gildo Massó González, Inc. y/o Massó Sand and Gravel, Inc., en reclamación de salarios por horas extras, vacaciones acumuladas y trabajo realizado durante el período para almorzar.

Después de contestada la demanda, otros dos obreros llamados Antero Claudio Delgado y José Estrada Morrillo, solicitaron se les incluyera en el pleito como demandantes.

Luego de varios incidentes procesales, tales como toma de deposición a algunos de los demandantes, notificación y contestación recíproca de interrogatorios, señalamiento y suspensión de la vista del caso en su fondo, en diciembre 4 de 1967, los demandantes presentaron una moción sobre acumulación de partes, invocando la Regla 20.1 de Procedimiento Civil y el Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, en la que "solicitan que se le permita proseguir esta reclamación en representación y para beneficio de todos los demás empleados que están prestando o han prestado servicios durante los últimos 10 años para la parte demandada y/o Fábrica de Bloques Massó Inc. y Productora Industrial Inc., los cuales se encuentran en la misma situación de hecho y de derecho que los demandantes."

Se opuso la parte demandada y después de celebrarse una vista sobre dicha moción, el tribunal dictó la siguiente

"ORDEN

Oídas las partes con relación a la oposición a la acumulación de partes, el Tribunal entiende que para que el demandado pueda adecuadamente defenderse de la acción debe saber, al menos, los nombres de las personas que le reclaman. Empero, eso se puede determinar de las nóminas y récords de la demandada. En vista de lo expuesto, el Tribunal ordena a la demandada permita a los demandantes inspeccionar sus nóminas y récords para determinar e informarle a la demandada cuáles de sus obreros están en la misma o análoga situación factual y legal a la de los demás demandantes de modo que la demandada, esté enterada de las reclamaciones de estos otros obreros, sin que sea necesaria ninguna enmienda a la demanda original, a los fines de incluir dichos obreros adicionales."

Para revisar esta orden expedimos auto de *certiorari*. La transcrita orden es errónea y debe ser anulada.

La Regla 20.1 de Procedimiento Civil trata de los pleitos que afecten a una clase. Dispone así en lo pertinente:

"20.1 Representación

Si las personas que integran una clase fueren tan numerosas que la comparecencia de todas ante el tribunal resultaría impracticable, aquellas o aquella cuya presencia asegure una adecuada representación de todas, podrán en representación de todas, demandar o ser demandadas, cuando la naturaleza del derecho solicitado a favor o en contra de la clase sea:

(a) Mancomunado o subsidiario, en el sentido de que el que tenga el derecho primario rehúsa hacerlo efectivo y un miembro de la clase, en su consecuencia, queda habilitado para ejercitarlo;

(b) Solidario, y el objeto del pleito sea la adjudicación de reclamaciones que afecten o pudieren afectar una propiedad envuelta en el pleito; o

(c) Solidario, y existe una cuestión común de hechos o de derecho que afecta los derechos solidarios y se solicita un remedio común."

Esta Regla 20.1 procede de la Regla 23(a) federal, la cual ha sido objeto de interpretación en numerosísimas opiniones judiciales y de extensos estudios por los comentaristas. Bajo las letras (a), (b) y (c) se crean tres tipos de acciones de clase. La clasificación se hace depender de las relaciones jurídicas que existan entre los miembros de una misma clase. Además tanto los efectos de las sentencias como las reglas jurisdiccionales varían según el tipo de la acción. Por razón de conveniencia, pues, se denomina la acción bajo la letra (a) como "la verdadera acción o pleito de clase", la incluida bajo la letra (b) se le llama "híbrida" y la de la letra (c) como "espuria". (3A Moore, *Federal Practice*, § 23.08, pág. 3433.)

Claramente el pleito incoado por los aquí demandantes no cae bajo los encasillados (a) y (b) de la Regla 20.1 porque la naturaleza del derecho solicitado por ellos no es mancomunado o subsidiario, ni el objeto del pleito es la

adjudicación de reclamaciones que afecten o pudieren afectar una propiedad envuelta en el pleito. Nos ocuparemos, por lo tanto, de la acción bajo el encasillado (c) que como hemos dicho antes, ha sido clasificado como un pleito de clase espurio.

En este tipo de pleito el derecho solicitado a favor o en contra de la clase es solidario, y existe una cuestión común de hechos o de derecho que afecta los derechos solidarios y se solicita un remedio común. No existen relaciones legales entre los miembros de la clase. Sus derechos y obligaciones son distintos y la clase se forma exclusivamente a base de la presencia de una cuestión común de hechos o de derecho. Tanto la doctrina jurisprudencial como los comentaristas de la regla federal sostienen que cuando se incoa un pleito a favor o en contra de la clase, ello es meramente una invitación para que los miembros de la clase se unan al pleito y que la invitación puede ser o no aceptada. Los que no comparecen como demandantes originales no vienen obligados a unirse al pleito. Como dice Moore, es un mecanismo para la acumulación permisible de partes. La sentencia que se dicta en este tipo de pleito sólo obliga a los miembros de la clase que comparecen ante la corte, y no a toda la clase. [1] La razón detrás de la regla federal es la de que permite a otras personas que se encuentran en situación similar intervenir en el pleito sin estar sujetos a las reglas jurisdiccionales en cuanto a cuantía de la reclamación en controversia y la diversidad de ciudadanía. En Puerto Rico al igual que en algunos estados se ha adoptado la regla federal a pesar de que presumiblemente rara vez surja la cuestión jurisdiccional (3A Moore, *ob. cit.*, págs. 3444 y 3417). Nuestra Regla 17.1 de Procedimiento Civil permite la acumula-

---

[1] 3A Moore's *Federal Practice*, § 23.11(3), pág. 3465; *Smith* v. *Stark Trucking*, 53 F.Supp. 826; *Saxton* v. *W. S. Askew Co.*, 35 F.Supp. 519; *Shipley* v. *Pittsburgh & L.E.R. Co.*, 70 F.Supp. 870.

ción de partes (²) cuando surge una cuestión común de hecho o de derecho a todas las partes pero, a diferencia de la Regla 20.1 (c), la acumulación de cualquier número de personas es permisible como demandante o como demandado, si reclamaren o se reclamaran contra ellos mancomunada, solidariamente, o en la alternativa cualquier derecho a un remedio relacionado con, o que surja de la misma transacción, evento, o serie de transacciones o eventos. La Regla 20.1 (c) hace innecesario este requisito. Entre otras, una de las ventajas que ofrece el mecanismo de intervención permisiva bajo la Regla 20.1 (c) es que en una sola acción puede disponerse de una situación litigiosa que afecta a muchas personas, haciendo a su vez más económica la litigación.

La acción o el pleito de clase provisto en la Regla Federal 23 (a) (3) ha sido de utilidad en muchos casos y.se ha usado por empleados para reclamar salarios dejados de percibir. La Ley Federal de Normas Razonables de Trabajo, antes de ser enmendada por la Ley de Portal a Portal de 1947, contenía una disposición al efecto de que una acción para cobrar salarios o compensación podía ser establecida en cualquier corte de jurisdicción competente por uno o más de los empleados para y en beneficio suyo o suyos y de otros empleados que estuvieren en circunstancias similares. Además creaba la acción por agente o representante. (³)

---

(²) La Regla 17.1 dispone:
"17.1 Acumulación permisible.

"Cualquier número de personas podrá acumularse en un pleito, como demandantes o como demandados, si reclamaren o se reclamare contra ellas mancomunada, solidariamente, o en la alternativa cualquier derecho a un remedio relacionado con, o que surja de la misma transacción, evento, o serie de transacciones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, hubiere de surgir en el pleito. No será requisito que un demandante o demandado tenga interés en obtener o defenderse de todo el remedio solicitado. Podrá dictarse sentencia a favor de uno o más demandantes de acuerdo con sus respectivos derechos a un remedio y contra uno o más demandados de acuerdo con sus respectivas responsabilidades." (Reglas Procedimiento Civil, pág. 44.)

(³) El texto en inglés, decía en lo pertinente:

La Ley Núm. 379 de 15 de mayo de 1948, aprobada por nuestra Asamblea Legislativa, contiene una disposición similar. En su Art. 13, luego de reconocer el derecho de todo empleado a reclamar de su patrono mediante acción civil las cantidades no pagadas por concepto de la compensación fijada por dicha Ley para horas regulares y horas extras de trabajo, dispone: "La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares; Disponiéndose, que después de iniciarse judicialmente la reclamación, ésta podrá ser transigida entre las partes, con intervención del Comisionado del Trabajo y la aprobación de la Corte."

■ Esta disposición y la Regla 20.1 (c) de Procedimiento Civil son armonizables. La Ley Núm. 379 consagra terminantemente el derecho de uno o más empleados a instar la acción judicial a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares, independientemente del factor numérico necesario para constituir la clase, según lo exige la Regla 20.1. Otra diferencia entre ambos estatutos consiste en que para desistir o transigir la acción, la Ley Núm. 379 requiere, además de la aprobación del tribunal, (4) la intervención del Comisionado del Trabajo. En estos dos aspectos predomina la Ley Núm. 379. Tampoco exige la Ley Núm. 379 la adecuada representación de todos los empleados

---

"Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

(4) Conforme a la Regla 20.2 de Procedimiento Civil un pleito de clase no será desistido o transigido sin la aprobación del tribunal y si el derecho que se reclama es de los definidos en los párrafos (b) y (c) de la Regla 20.1, el tribunal tiene facultad discrecional para ordenar que la solicitud de desistimiento o transacción se notifique a todos los miembros de la clase.

que estén en circunstancias similares a la de los empleados comparecientes. Esto sin embargo, carece de importancia ya que bajo la Regla 20.1 (c) no es necesario la adecuada representación en vista que el decreto que se dicte sólo afecta a los miembros de la clase que se unieron como partes. *York* v. *Guaranty Trust B.*, 143 F.2d 503; *Openheimer* v. *F. J. Young & Co., Inc.*, 144 F.2d 387; 3A Moore's, *ob. cit.* § 23.07.

En la interpretación de la disposición de la Ley Federal de Normas Razonables del Trabajo a que ya hemos aludido y que es similar al Art. 13 de la Ley Núm. 379, el peso de las autoridades sostiene que el pleito de clase creado por dicha disposición es de la misma naturaleza que el creado en la Regla Federal de Procedimiento Civil 23 (a). *Pentland* v. *Dravo Corp.*, 152 F.2d 851; *Lofther* v. *First Nat. Bank of Chicago*, 45 F.Supp. 986; *Brooks* v. *Southern Dairies, Inc.*, 38 F.Supp. 588; *Wright* v. *U.S. Rubber Co.*, 69 F.Supp. 621; *Loker* v. *Allied Building Credits, Inc.*, 7 F.R.D. 358; *Abram* v. *San Joaquin Cotton Oil Co.*, 46 F.Supp. 969; *Clark* v. *E. C. Schroeder Co. Inc.*, 10 *Féd. Rules Serv.* 23 a 43, Case 1; *Adams* v. *Bell Aircraft Corp.*, 7 F.R.D. 48. Llegamos a igual conclusión respecto al Art. 13 de la Ley Núm. 379. Por lo tanto, el efecto legal de la acción interpuesta en este caso por cuatro empleados a nombre propio y de los otros empleados situados en circunstancias similares, se limita a que estos otros empleados se unan al pleito, si lo desean.

Por ser ello así, la orden dictada por el Tribunal Superior, Sala de Caguas, según dijimos al principio, resulta errónea.

La orden para que los demandantes inspeccionen las nóminas y récords de la demandada para determinar e informar a ésta los nombres de los demás empleados situados en posición similar, no convierte a estos empleados en demandantes, y en su consecuencia la sentencia que se dicte a su favor o en su contra, no les obliga. Por lo tanto dicha orden

carece de eficacia y de las consecuencias jurídicas que pretenden los demandantes.

*Por todo lo expuesto, se anulará la orden dictada en 25 de marzo de 1968 por el Tribunal Superior, Sala de Caguas, y se devolverá el caso para ulteriores procedimientos.*