# 98 DTA 210

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL III DE ARECIBO Y UTUADO**
**PANEL I**

NESTOR GONZALEZ ROMAN, JESUS PINO AVILES, CARLOS TORRES AVILES, ET ALS.
Demandantes-Peticionarios

v.

SCHERING-PLOUGH PRODUCTS, INC., MANATI OPERATIONS, ET ALS.
Demandadas- Recurridas

Núm. KLCE-98-00397

San Juan, Puerto Rico, a 17 de agosto de 1998

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Soler Aquino y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso se solicita de esta Curia la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 11 de marzo de 1998, notificada a las partes el 19 de marzo de 1998. En dicha resolución, el Tribunal denegó la certificación del caso de autos como un pleito de clase. No estando conforme con la anterior decisión, la parte demandante, aquí peticionaria, acude ante nos. No le asiste la razón a la parte aquí peticionaria. Se expide el auto solicitado y se confirma la resolución recurrida.

El 5 de marzo de 1998, la parte demandante, aquí peticionaria, presentó ante el Tribunal de Primera Instancia, Sala Superior de Arecibo, una causa de acción contra la compañía aquí recurrida, Schering-Plough Products, Inc. En dicha demanda la aquí peticionaria alegó, en síntesis, que: (a) los demandantes son o han sido empleados de la compañía demandada; (b) que las reclamaciones contenidas en la demanda eran realizadas a nombre propio, y en representación de apróximadamente otros quinientos (500) obreros, los cuales en conjunto denominaron *"la clase"*; (c) que debido a que los miembros de *"la clase"* a la cual pertenecen los demandantes tienen en común cuestiones de hecho y de derecho, la causa de acción era presentada como un pleito de clase, ello en virtud del Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, ■ y de la Regla 20 de las de Procedimiento Civil; ■ (d) que los demandantes trabajaron como operadores de máquinas de producción, de empaque ó en otras posiciones de manufactura, en uno o más de los tres turnos en que el patrono opera sus plantas; (e) que entre los demandantes se encuentran empleados regulares, algunos contratados directamente por el patrono demandado, y otros a través de agencias reclutadoras de empleo, así como empleados de servicio temporero; (f) que los catorce (14) demandantes que comparecen en el epígrafe de la demanda trabajan al menos ocho (8) horas diarias sin disfrutar de su hora de alimento, según dispone el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948, ■ y con frecuencia trabajan horas extras, en exceso de cinco (5) horas luego de finalizada su hora de alimentos; (g) que la parte demandada al momento de reclutar a algunos de los demandantes los hizo firmar un documento, en el cual renunciaban al período de una hora de alimentos, reduciendo el mismo a uno de quince (15) minutos o menos, ello sin que los empleados recibieran beneficio adicional a cambio; (h) que en ocasiones los demandantes trabajaron los siete (7) días de la semana consecutivamente sin disfrutar de su séptimo día de descanso, y sin ser compensados con la correspondiente paga adicional, ello en abierta contravención a las disposiciones de la Sección 1 de la Ley Núm. 289 de 9 de abril de 1946, ■ (i) que la compañía demandada no permitía a los demandantes disfrutar en forma consecutiva los días de vacaciones que acumulaban, y a los empleados temporeros les pagaba por los mismos para que continuaran trabajando.

La parte demandante, aquí peticionaria, solicitó como remedios a su causa de acción lo siguiente: (a) el pago a razón de tiempo doble de las horas adicionales trabajadas por concepto de horas de alimentos no tomadas, las horas trabajadas diariamente en exceso de ocho (8), y las horas trabajadas durante el séptimo día de la semana; (b) que los días de vacaciones acumulados que no les fue permitido tomar como tal les fueran pagados, según dispone el ordenamiento laboral vigente; (c) que se les revise retroactivamente el monto de los bonos de navidad provistos por la demandada a los demandantes, y se les acrediten sus derechos bajo el plan de retiro; (d) que se revise retroactivamente las deducciones que la demandada ha realizado a los salarios de aquellos demandantes suscritos al plan de ahorro voluntario; y (e) que se imponga a la parte demandada una penalidad consistente en el pago de una suma igual a la cantidad adeudada por éste a los demandantes.

El 11 de marzo de 1996, previo a que se efectuara el diligenciamiento del emplazamiento a la parte demandada, aquí recurrida, el Tribunal de Primera Instancia, Sala Superior de Arecibo, emitió orden en la cual declaró no ha lugar la solicitud de certificación de pleito de clase contenida en la súplica de la demanda. Inconforme con tal decisión, acude ante nos la parte demandante, aquí peticionaria, señalando como errores cometidos por dicho foro los siguientes:

*"Primer Error:*

*Incurrió en error el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, presidida por la Honorable Juez Edna Abruña Rodríguez, al haber declarado prematuramente No [sic] ha lugar en cuanto a la Súplica [sic] de Certificación [sic] de Clase [sic] incluida en el escrito*

© 1998 PUBLICACIONES JTS®™ — LUIGGI ABRAHAM — EDITOR

*de Demanda [sic] radicada.*

*Segundo Error:*

*Incurrió en error el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, presidida por la Honorable Juez Edna Abruña Rodríguez, al haber denegado prematuramente la Solicitud de Certificación de clase contenida en la Demanda [sic] radicada en el caso de antes por razón de que no existe identidad en las reclamaciones ni en los beneficios a que cada parte pueda tener derecho.*

*Tercer Error:*

*Incurrió en error el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, presidida por la Honorable Juez Edna Abruña Rodríguez, al no reconocer la acción de clase consagrada en el artículo 13 de la Ley 379 del 15 de mayo de 1948, 29 L.P.R.A. Secc. [sic] 382 y lo resuelto en Caguas Lumber Yard v. Tribunal Superior, 96 D.P.R. 848 (1969)."*

Como es sabido, una acción de clase es un procedimiento que permite la representación de un nutrido grupo de personas con reclamaciones típicas basadas en los mismos hechos o cuestiones de derecho, de manera que la adjudicación tenga la extensión y profundidad necesaria para resolver las controversias presentadas. En las circunstancias adecuadas este mecanismo procesal adelanta los siguientes objetivos: (a) fomentar la economía judicial, al permitir a los tribunales adjudicar de una sola vez todas las cuestiones comunes de varios litigios, evitando las reclamaciones múltiples; (b) permitir hacer justicia a personas que de otra forma no la obtendrían, especialmente cuando las sumas individuales que están en controversia no son cuantiosas y por tanto los agraviados no se sienten motivados a litigar; y (c) proteger a las partes de sentencias inconsistentes.

En nuestro ordenamiento jurídico la disposición legal que regula los denominados pleitos de clase se encuentra contenida en la Regla 20 de las de Procedimiento Civil, *supra*. La misma prescribe:

*"Uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si (1) la clase fuere tan numerosa que la acumulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada".*

Una vez establecido que los miembros de la clase cumplen a cabalidad con los requisitos exigidos por la Regla 20.1 de las de Procedimiento Civil, *supra*, para que el pleito pueda continuar como uno de clase, deberá entonces evaluarse si en el mismo está presente una de las situaciones señaladas en la Regla 20.2 de las de Procedimiento Civil, *supra*.

Los requisitos esbozados en la Regla 20.1 de las de Procedimiento Civil, *supra*, para la certificación de un pleito de clase, han sido sintetizados jurisprudencialmente como exigiendo los elementos de numerosidad, comunidad, tipicidad y representación adecuada. [8] En el caso de autos el Tribunal de Primera Instancia denegó la solicitud de certificación de clase, por el fundamento de no existir *"identidad en las reclamaciones ni en los beneficios a que cada parte pueda tener derecho"*, lo cual consecuentemente conlleva una ausencia de los elementos de comunidad y tipicidad. Evaluada la totalidad del expediente del caso de autos, somos de la consideración que en el mismo no concurren los referidos criterios de comunidad y tipicidad.

La jurisprudencia indica que el criterio de comunidad entre los miembros de una clase surge cuando existen cuestiones de hecho o de derecho que son comunes a la clase. [9] El de tipicidad, por su parte, el cual se asemeja en ciertos aspectos al de comunidad, está presente cuando hay una relación entre las reclamaciones de los demandantes y las de la clase que se intenta representar. A base de la misma, se busca que cuando el representante de la clase defienda sus intereses, adelante los intereses de toda la clase. En cuanto al elemento de tipicidad, nuestro más Alto Foro ha expresado que en algunas circunstancias las diferencias fácticas, en sí, pueden tornar atípicas las reclamaciones de los

representantes y los representados de la clase. Por ende, dicho criterio es uno que debe ser evaluado caso a caso, ya que opera sobre una lógica y la realidad peculiar de cada uno. ■■■

En el caso de marras, la ausencia de los elementos de comunidad y tipicidad requeridos para que el mismo pueda ser adelantado como uno de clase, se desprende de las alegaciones de la demanda. Los hechos presentados en la causa de acción como los que alegadamente dan margen a las reclamaciones en ella contenida, hacen alusión a una variedad de situaciones, cada una de las cuales, según surge de la propia demanda, son aplicables a ciertos demandantes, mas no a todos, y a otros de ellos, sólo en cierta medida. Esto es, los demandantes, aquí peticionarios, alegan en su reclamación que los empleados se han visto afectados por el incumplimiento de la compañía demandada con diferentes leyes laborales, tales como: el pago de horas extras; el derecho a tomar hora de alimentos; trabajar el séptimo día de descanso sin la correspondiente compensación; así como no poder disfrutar de los días de vacaciones de forma consecutiva.

No hay duda de que existe similitud entre los temas de las reclamaciones que presumiblemente poseen unos y otros empleados, ya que las mismas tratan de posibles situaciones de incumplimiento de ley que afectan derechos de éstos reconocidos por el ordenamiento laboral vigente. No obstante, somos de la consideración de que llegado el momento de desfilar la prueba relativa a las reclamaciones de los demandantes, aquí peticionarios, sea indispensable presentar prueba individual para cada uno de los obreros reclamantes. De las propias alegaciones de los demandantes, aquí peticionarios, surge la eventual necesidad de evaluar el caso de cada empleado de forma particular, para así poder determinar la naturaleza de cada una de las reclamaciones. Ello, debido a que el número de horas extras, períodos de alimentos no compensados, y las vacaciones reclamadas, podrían variar de empleado en empleado. La anterior situación puede dar base a una gran variedad de casos y situaciones, para la cual el Tribunal necesitará prueba distinta, lo que no sólo podría tornar las reclamaciones de los empleados, miembros de la clase, como unas no comunes entre sí, sino además atípicas unas de otras. De igual forma, debido a que las reclamaciones individuales de algunos de los demandantes son particularmente peculiares, ya sea por su clasificación de empleo, historial de trabajo o por haber consentido a ciertas prácticas del patrono ahora impugnadas, las mismas lejos de ser típicas, con gran probabilidad requerirían un desfile de prueba individual al respecto.

No obstante lo anterior, la mayor contención de la parte demandante, aquí peticionaria, es a los efectos de que el caso de autos no debe ser evaluado como un pleito de clase al amparo de la referida Regla 20.1 y 20.2, *supra*, ya que el Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, *supra*, alegadamente reconoce el mismo como un pleito de clase laboral. En su demanda la parte aquí peticionaria específicamente adujo que procede la certificación del caso de marras como un pleito de clase, según lo provee el mencionado Artículo 13, *supra*, por tener todos los demandantes las mismas reclamaciones en iguales circunstancias. Senaló, además, que las Reglas 20.1 y 20.2 de las de Procedimiento Civil, *supra*, son inaplicables al caso de epígrafe, por haber sido precertificadas las acciones en cobro de salarios como acciones de clase de acuerdo al señalado articulado, en lo referente al número de los miembros de la clase y consideraciones de adecuada representación legal. ■■ Sostienen además, que todos los miembros de la clase, definida y estimada en quinientos (500) obreros, tienen reclamaciones típicas y comunes entre ellos y en las mismas circunstancias en que cada miembro de la clase las tiene individualmente, así como cuestiones comunes de hecho y derecho. Sin embargo, plantea dicha parte que el presente pleito, aunque es sostenible como uno de clase en virtud del Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, *supra*, a su vez cumple con los requisitos pautados por las Reglas 20.1 y 20.2 de las de Procedimiento Civil, *supra*, siéndole aplicable además las disposiciones de la Regla 20.3 (b) de las de Procedimiento Civil, *supra*, en cuanto al sistema de consentimiento de *"optar por salirse" ("opt-out)*, si es solicitado. Según éstos, ello facilitaría al obrero el consentir y beneficiarse de la acción presentada. No le asiste la razón a la parte aquí peticionaria. Veamos.

El Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, *supra*, reza en parte:

*"Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y*

*honorarios de abogado del procedimiento.*

*Estas reclamaciones podrán tramitarse de acuerdo con el procedimiento ordinario o el procedimiento de querella establecido en las secs. 3118 a 3132 del Título 32.*

*La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares; Disponiéndose que después de iniciada judicialmente la reclamación, ésta podrá ser transigible entre las partes, con la intervención del Secretario del Trabajo y Recursos Humanos, designado por dicho Secretario y la aprobación del tribunal."*

De una lectura del anterior articulado surge que dicha disposición autoriza para que un empleado presente la acción allí reconocida tanto a nombre propio, como a nombre de otros obreros que se encuentren en situación similar. No consideramos, sin embargo, que al referido precepto pueda otorgársele el alcance de certificar de antemano pleitos de clase laborales, como la parte aquí peticionaria lo pretende.

En *Caguas Lumber Yard, Inc. v. Tribunal Superior,* ▮ nuestro Tribunal Supremo expresó que el referido Artículo 13, *supra*, era armonizable con lo que para ese entonces disponía la antigua Regla 20.1(c) de las de Procedimiento Civil, relativa a los pleitos de clase. Bajo la anterior regla, la cual provenía de la Regla 23 (a) de Procedimiento Civil Federal, los pleitos de clase se clasificaban de acuerdo a las relaciones jurídicas que existían entre los miembros de una misma clase. La acción bajo la anterior Regla 20.1(a) se denominaba como la verdadera acción o pleito de clase; la de la Regla 20.1(b) se le llamaba híbrida; y la de la Regla 20.1(c) se le conocía como espúrea. ▮

Esta última categoría de pleito de clase espúreo, según se explica en el propio caso de *Caguas Lumber Yard. Inc.*, *supra*, constituia más bien un mecanismo de acumulación de partes permisibles, en los cuales cuando se incoaba *"un pleito a favor o en contra de la clase, ello es meramente una invitación para que los miembros de la clase se unan al pleito... la invitación puede ser o no aceptada...."* La sentencia que se dicta en este tipo de pleito sólo obliga a los miembros de la clase que comparecen ante la corte, y no a toda la clase. ▮ Luego de la promulgación de las enmiendas a las Reglas de Procedimiento Civil en el año 1979, las clasificaciones que tenían los pleitos de clase desaparecieron. ▮ En la actualidad para que un pleito sea certificado como uno de clase, el mismo debe cumplir con los requisitos que establecen las Reglas 20.1 y 20.2 de las de Procedimiento Civil vigente, *supra*, teniendo dicha certificación la consecuencia jurídica de que los miembros de la clase que no soliciten ser excluidos del pleito *("opt out"),* quedarán obligados por la sentencia que en su día pueda recaer.

En *Caguas Lumber Yard, Inc.*, *supra*, nuestro más Alto Foro, luego de indicar que la disposición de la Ley Federal de Normas Razonables del Trabajo, equivalente al Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, creaba un pleito de clase de la misma naturaleza que el provisto por la antigua Regla 23 (a) de las de Procedimiento Civil Federal, resolvió en cuanto al mencionado Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, *supra*:

Llegamos a igual conclusión respecto al Art. 13 de la Ley Núm. 379. Por lo tanto, el efecto legal de la acción interpuesta en este caso por cuatro empleados a nombre propio y de los otros empleados situados en circunstancias similares, se limita a *"que estos otros empleados se unan al pleito, si lo desean."*

Así, nos vemos impedidos de arribar a la conclusión de que el mecanismo procesal provisto por el Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, *supra*, por sí sólo constituye una certificación de antemano de pleito de clase, que exima a aquellas acciones presentadas en virtud de dicha legislación por los miembros de una clase del cumplimiento de las disposiciones de las Reglas 20.1 y, 20.2 de las de Procedimiento Civil, *supra*. Somos de la consideración que el referido articulado lo que provee es un sistema de *"opt-in"*, mediante el cual los obreros que se encuentren en una situación similar a los demandantes, e interesen que la sentencia que en su día pueda recaer les sea vinculante, alcance la opción de unirse al pleito y litigar activamente en el mismo. Sólo cuando los miembros de la clase demuestren que en el pleito concurren los requisitos esbozados en las Reglas 20.1 y 20.2 de

las de Procedimiento Civil, *supra*, y así lo certifique mediante orden el Tribunal, es que el procedimiento judicial incoado por los demandantes, a nombre propio y en representación de otros empleados que se encuentran en una situación similar, se torna uno de naturaleza *"opt-out"*, de forma que la sentencia que culmine el pleito sea aplicable a todos los miembros de la clase que no solicitaron ser excluidos. El segundo y tercer señalamiento de error, no fueron cometidos.

El tercer señalamiento de error plantea que la determinación del Tribunal de Primera Instancia de denegar la certificación del caso de autos como un pleito de clase fue prematura, al no haberse realizado aún ningún tipo de procedimiento de descubrimiento de prueba, ni haber sido emplazada la parte demandada, aquí recurrida. No le asiste la razón a la parte aquí peticionaria. Veamos.

Para que una acción presentada como una de clase sea mantenida como tal, es necesario que el tribunal emita una orden al efecto, certificando el mismo como pleito de clase. La Regla 20.3 de las de Procedimiento Civil, *supra*, dispone en cuanto a dicho procedimiento que:

*"Tan pronto como sea factible, luego del comienzo de un pleito traído como pleito de clase, el tribunal determinará mediante orden si se mantendrá como tal. Una orden bajo este inciso podrá ser condicional y podrá ser alterada o enmendada antes de la decisión en los méritos."*

De una lectura de la anterior regla se desprende que la determinación de cuándo un tribunal debe disponer sobre la certificación de un pleito de clase, es una cuestión que recae sobre la entera discreción del mismo. Las únicas limitaciones que impone dicha regla en cuanto al asunto es que se haya dado comienzo al pleito, y que el tribunal, dentro de su facultad discrecional, considere que el momento es uno asequible para evaluar la procedencia de la certificación. Consideramos que la razón primordial para que no se haya establecido estatutariamente un término específico para realizar dicha determinación, es precisamente porque el momento factible para hacerlo es uno que variará dependiendo de las circunstancias particulares de cada caso. ▄▄▄

En el caso de autos, de la faz de la demanda surge la convergencia de alegaciones fácticas que reflejaban variadas situaciones individuales, las cuales, según mencionáramos anteriormente, podrían tornar en atípicas las reclamaciones de otros demandantes, así como volver en no comunes tanto los hechos, como el derecho aplicable a cada una de ellas. La parte demandante, aquí peticionaria, no ha demostrado a esta Curia de qué forma la realización de los procedimientos de descubrimiento de prueba cambiaría la anterior situación. Por el contrario, la posición asumida por éstos es a los efectos de que el caso de autos es uno que ha sido precertificado como un pleito de clase estatutariamente por el Artículo 13 de la Ley Núm. 379 del 15 de mayo de 1948, *supra*, lo que la exonera del cumplimiento de los requisitos de las Regla 20.1 y 20.2 de las de Procedimiento Civil, *supra*. Ello, a pesar de que a su vez reclama que el presente caso debe ser tratado como un pleito de clase de naturaleza *"opt-out"*, según lo prescribe la Regla 20.3(b) de las de Procedimiento Civil, *supra*, y al cual le es aplicable el sistema de notificación a los miembros de la clase dispuesto por la misma regla.

Evidentemente, el tribunal consideró que el descubrimiento de prueba no abonaría a la controversia relativa a la certificación del pleito como uno de clase. Siendo ello así, no existía motivo por el cual dicho foro debía esperar a la realización de los procesos de descubrimiento de prueba para atender la certificación en cuestión. No habiéndose demostrado ante este Foro que haya mediado abuso de discreción por parte del Tribunal de Primera Instancia al denegar la certificación de pleito de clase en el momento en que lo hizo, resolvemos que el primer error señalado no fue cometido.

Por los fundamentos antes expuestos, se expide el auto solicitado y se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**1.** 29 L.P.R.A. § 282.

**2.** 32 L.P.R.A. Ap. III, R. 20.

**3.** 29 L.P.R.A. § 283.

**4.** 29 L.P.R.A. § 295.

**5.** *Cuadrado Carrión v. Romero Barceló,* 120 D.P.R. 434 (1988).

**6.** *Ibid.*

**7.** Regla 20.1 de las de Procedimiento Civil, *supra.*

**8.** *Cuadrado Carrión v. Romero Barceló, supra.*

**9.** *Ibid.*

**10.** *Ibid.*

**11.** Apéndice I, págs. 1-10, del recurso de *certiorari.*

**12.** 96 D.P.R. 848 (1969).

**13.** *Ibid.*

**14.** *Ibid.*

**15.** *Rivera Castillo v. Municipio de San Juan,* 130 D.P.R. ___ (1992), **92 J.T.S. 70,** opinión de 9 de junio de 1992.

**16.** 7A Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 2d §1785 (1986).