# 99 DTA 133

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON
## PANEL I

JOSEFA ARCE BUCETTA Y OTROS
Demandantes-Peticionarios

v.

MOTOROLA ELECTRONICA DE PUERTO RICO, INC.
Demandada-Recurrida

Núm. KLCE-98-00942

San Juan, Puerto Rico, a 23 de marzo de 1999

Panel integrado por su Presidente, Juez Sánchez Martínez,
la Jueza Cotto Vives y el Juez Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Los peticionarios del epígrafe nos solicitan que revisemos la resolución emitida el 23 de julio de 1998 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. La misma denegó la solicitud de éstos para que se dilucide el pleito instado por ellos contra Motorola Electrónica de Puerto Rico, Inc. (Motorola) como un pleito de clase.

Por entender que el Tribunal de Primera Instancia hizo una interpretación acertada de la Regla 20 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 20, al denegar la certificación del pleito como uno de clase, confirmamos la resolución recurrida.

### I

Un grupo compuesto por 113 empleados y ex-empleados de Motorola, por sí y en representación de otros, presentó el 11 de febrero de 1998 una demanda ante el Tribunal de Primera Instancia, Sala Superior de Bayamón, contra dicha empresa. En la misma alegaron que Motorola les adeuda remuneraciones por varios conceptos, entre los que se encuentran pago de horas de tomar alimentos, pago de horas extra, pago por trabajo en el día de descanso y errores en el cómputo de los bonos de navidad recibidos.

El 21 de abril de 1998, Motorola presentó su contestación a la demanda. Luego, mediante moción del 13 de mayo de 1998, se opuso a que el pleito se ventilase como un pleito de clase. El 2 de julio de 1998 los demandantes presentaron una moción en la que solicitaron que el pleito fuera certificado como uno de clase.

Los demandantes fundamentaron su petición en el Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. sec. 282. Esta dispone, en lo pertinente, como sigue:

*"Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogados del procedimiento.*

*La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares; disponiéndose que después de iniciada judicialmente la reclamación, ésta podrá ser transigible entre las partes, con la intervención del Secretario del Trabajo y Recursos*

*Humanos o cualesquiera de los abogados del Departamento del Trabajo y Recursos Humanos, designado por dicho Secretario y la aprobación del tribunal....".*

Según los demandantes, el segundo párrafo antes transcrito les autoriza a acudir al tribunal en representación propia y de otros mil doscientos (1,200) empleados y ex-empleados de Motorola. ■ Sostienen que esta disposición legal manda y ordena que *"la acción de clase procede como cuestión de derecho en los casos de reclamaciones de salarios, independientemente del número de los miembros de la clase y de la adecuada representación de la misma, entre otras consideraciones inaplicables de la Regla 20 de Procedimiento Civil".* Apéndice de la Petición (en adelante, *"Apéndice"), a la pág. 9.*

Motorola, por su parte, alegó que el citado Art. 13 de la Ley Núm. 379, *supra,* no exime a la parte que lo invoca de cumplir con los requisitos para certificar un pleito como uno de clase, según dispuesto en la Regla 20 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 20, sino que sólo permite una acumulación permisible de aquellas partes que interesen unirse al pleito. Alegó, además, que los demandantes no cumplen con ninguno de los requisitos exigidos por la Regla 20.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 20.1, por lo que el pleito no puede ser certificado como uno de clase.

El Tribunal de Primera Instancia emitió la resolución aquí recurrida el 23 de julio de 1998 en la que denegó la petición de los demandantes para que se certificara el pleito como uno de clase. Apoyándose en el caso de *Caguas Lumber Yard v. Tribunal Superior,* 96 D.P.R. 848 (1969), el tribunal concluyó que el Art. 13 de la Ley 379, *supra,* contempla la acumulación permisible de partes, mas no la certificación automática del pleito como uno de clase. En adición, el tribunal *a quo* determinó que los demandantes no cumplieron con los requisitos establecidos en la Regla 20.1 de Procedimiento Civil, *supra,* particularmente, con los incisos 2, 3 y 4 de la misma, según interpretados en *Cuadrado Carrión v. Romero Barceló,* 120 D.P.R. 434 (1988), en cuanto a la comunidad de intereses, la tipicidad de las reclamaciones hechas y la capacidad del grupo demandante de representar acertadamente los intereses de toda la clase.

Los demandantes recurren ante nos de esta determinación, alegando que incidió el Tribunal de Primera Instancia, tanto al interpretar el Art. 13 de la Ley Núm. 379, *supra,* en el sentido de que el mismo sólo permite la acumulación permisible de partes, como al determinar que los demandantes no cumplen con los requisitos establecidos en la Regla 20.1 de Procedimiento Civil, *supra.*

Motorola compareció ante nos presentando su alegato en oposición a la expedición del auto de *certiorari,* por lo que procedemos a resolver.

## II

En ocasiones, el grupo demandante o demandado dentro de una acción civil es tan numeroso que la aplicación estricta de los mecanismos usuales de emplazamiento, citación, descubrimiento de prueba, etc., puede convertirse en un escollo para el desarrollo rápido y eficiente de los procedimientos. En estos casos, el pleito de clase, establecido en la Regla 20 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 20, provee un medio alterno para el trámite efectivo de las controversias. Igualmente, esta regla permite obtener justicia a personas que, de otro modo, no se verían motivadas a entablar un pleito ante los tribunales.

La Regla 20.1 dispone:

*"Uno o más miembros de una clase podrán demandar o ser demandados como representantes de todos los miembros de la clase solamente si (1) la clase fuere tan numerosa que la acumulación de todos los miembros resultare impracticable; (2) existieren cuestiones de hecho o de derecho común a la clase; (3) las reclamaciones o*

*defensas de los representantes fueren típicas de las reclamaciones o defensas de la clase; y (4) los representantes protegerían los intereses de la clase de manera justa y adecuada."*

Ahora bien, la parte que interesa la certificación del pleito como uno de clase debe cumplir, además, con uno de los tres requisitos establecidos en la Regla 20.2, a saber:

*"(a) la tramitación de pleitos separados por o en contra de miembros individuales de la clase crearía un riesgo de (1) adjudicaciones inconsistentes o variadas con respecto a miembros individuales de la clase, que establecerían normas de conducta incompatibles para la parte que se opone a la clase, o (2) adjudicaciones con respecto a miembros individuales de la clase, que para todos los fines prácticos dispondrían de los intereses de los otros miembros que no sean partes en las adjudicaciones o, empeorarían, o impedirían sustancialmente su habilidad para proteger sus intereses; o*

*(b) la parte que se opone a la clase ha actuado o ha rehusado actuar por razones aplicables a la clase en general, en forma tal que resulte apropiado conceder finalmente un remedio mediante interdicto o sentencia declaratoria correspondiente con respecto a la clase en general; o*

*(c) el tribunal determina que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales, y que el pleito de clase es superior a otros métodos disponibles para la justa y eficiente adjudicación de la controversia. Los asuntos pertinentes para las determinaciones incluyen: (1) el interés de los miembros de la clase en controlar individualmente la tramitación o defensa de pleitos separados; (2) la naturaleza y alcance de cualquier litigio retativo a la controversia ya comenzado por o en contra de miembros de la clase; (3) la deseabilidad de concentrar o no el trámite de las reclamaciones en el foro específico; y (4) las dificultades que probablemente surgirían en la tramitación de un pleito de clase."*

Esta Regla, que proviene a su vez de la Regla 23 de Procedimiento Civil Federal, ha sido interpretada por nuestro Tribunal Supremo en diversas ocasiones. Véase, *Rivera Castillo v. Mun. de San Juan,* 130 D.P.R., ___, **92 J.T.S. 70**; *Cuadrado Carrión v. Romero Barceló,* 120 D.P.R. 434 (1988*); Noriega Rodríguez v. Hernández Colón,* 122 D.P.R. 650 (1988).

Es, sin embargo, el caso de *Cuadrado Carrión v. Romero Barceló, supra,* el que nos provee la más clara explicación sobre el alcance de la Regla 20, *supra.* Elaborando sobre los principios de comunidad, tipicidad y representatividad, el Alto Foro señaló:

*"Existe una relación conceptual entre los requisitos de "impracticabilidad" y "comunidad", ambos se refieren a los miembros ausentes o clase representada, mientras que los requisitos de "tipicidad" y "adecuada representación" describen las características que necesariamente deben poseer los representantes." Cuadrado Carrión, supra,* a la pág. 451.

Es decir, debemos prestar particular atención a la tipicidad de las reclamaciones entre los miembros presentes de la alegada clase, así como a la capacidad de éstos para representar adecuadamente al grupo ausente, antes de determinar si, efectivamente, el pleito puede ser certificado como uno de clase.

Sobre la importancia del elemento de adecuada representación, el Tribunal Supremo se expresa de la siguiente forma:

*"Una vez superadas las tres condiciones que preceden [numerosidad, comunidad, tipicidad], el demandante*

*que pretende representar a una clase tiene que cumplir con un requisito de génesis constitucional. Sólo la adecuada representación de los intereses de los miembros ausentes evita que la acción de clase sea inconstitucional al asegurar que se cumpla con el debido proceso de ley. Sin duda, ante el principio sacramental que exige que toda persona cuyos derechos estén en controversia tenga su "día en corte" y que nadie pueda ser afectado por una sentencia in personam en un procedimiento en el cual no ha sido parte, Pennoyer v. Neff, 95 U.S. 714 (1877), la acción de clase constituye, desde el punto de vista conceptual, una anomalía." Cuadrado Carrión, supra,* a las págs. 454-455.

Nos enfrentamos aquí con un requerimiento de carácter constitucional que no puede ser ligeramente pasado por alto. Antes de certificar un pleito como uno de clase, los tribunales vienen obligados a cerciorarse de la plena capacidad del grupo representativo de defender a cabalidad los intereses de aquella parte de la clase que no se encuentra presente. A juicio del Tribunal Supremo, éste podría ser considerado el más importante de los requisitos exigidos por la Regla 20.1, *supra. "La doctrina ha resaltado la relación que existe entre los prerrequisitos de tipicidad y adecuada representación. El primero es en realidad una forma de asegurar el segundo. Podría incluso aseverarse que todos los demás son más bien criterios para medir la existencia de una adecuada representación o posibilitarla al máximo." Cuadrado Carrión, supra,* a la pág. 455 (cita omitida).

En resumen, los requisitos señalados por las Reglas 20.1 y 20.2 de Procedimiento Civil, *supra,* no van dirigidos meramente a establecer mecanismos procesales para facilitar la celebración de un pleito en el que concurren un número considerable de personas. Estos requisitos también establecen las garantías procesales necesarias para que el proceso judicial sea uno verdaderamente justo, tanto para el grupo representativo como para los representados.

## III

Los demandantes señalan como único error cometido por el Tribunal de Primera Instancia, el no certificar el pleito instado como uno de clase, ya fuere al amparo de la Ley Núm. 379 de 15 de mayo de 1948, *supra,* o a la luz de la Regla 20 de las de Procedimiento Civil, *supra,* y de la interpretación jurisprudencial que de esta regla hizo el Tribunal Supremo en *Cuadrado Carrión v. Romero Barceló, supra.* Nuestro análisis del expediente nos lleva a concluir que, efectivamente, los demandantes no cumplen con varios de los requisitos exigidos para que su pleito sea considerado como uno de clase. Veamos.

Primeramente, debemos resaltar el hecho de que el Art. 13 de la Ley Núm. 379 de 15 de mayo de 1948, *supra,* en el que los demandantes fundamentan su reclamo de que el pleito sea reconocido como uno de clase, requiere que los empleados querellantes se encuentren en *"circunstancias similares".* Esa no es la situación en el caso bajo nuestra consideración. Aquí se trata de un grupo de empleados que hacen diversas reclamaciones salariales, las cuales no son comunes a todos los demandantes. Así, la acción instada reclama de Motorola la satisfacción de cinco partidas distintas alegadamente devengadas y no pagadas, a saber: (1) horas extras; (2) horas de consumir alimentos utilizadas en tareas relacionadas al trabajo; (3) trabajo realizado en el día de descanso; (4) fraccionamiento obligatorio de los días de vacaciones y (5) bono de navidad. Sin embargo, los demandantes no han señalado con precisión cuáles de estas reclamaciones, si alguna, son comunes a todos los alegados integrantes de la clase. Si a ello añadimos otras variables también señaladas por los propios demandantes, como la antigüedad de cada empleado o el turno particular en que laboraban, se hace más evidente la ausencia de circunstancias similares.

El factor principal que impide a los demandantes lograr la representación de todos aquellos empleados y ex-empleados alegadamente afectados por las actuaciones de Motorola, es la diversidad de reclamaciones que abarca la demanda presentada. Ya hemos señalado que los demandantes no han logrado indicar con precision cuáles de estas reclamaciones son comunes a todos los alegados integrantes de la clase. Esta incapacidad impide a los

147

demandantes, a su vez, cumplir con varios de los requisitos impuestos por la Regla 20 de las de Procedimiento Civil, *supra*, cuya observación es mandatoria para que el pleito pueda ser certificado como uno de clase.

La Regla 20.1, *supra*, exige en su segundo inciso que existan cuestiones de hecho o de derecho comunes a toda la clase. Pero, como ya mencionamos, los demandantes no han podido demostrar que las reclamaciones hechas sean comunes a todos los alegados integrantes de la clase. Como bien señala el Tribunal de Primera Instancia, ese hecho no surge ni siquiera de las alegaciones hechas en la demanda.

Esta falta de comunidad entre las reclamaciones hechas por los demandantes y aquéllas que puedan tener los demás integrantes de la clase incide también sobre el cumplimiento con otros dos requisitos impuestos por la Regla 20.1, *supra*, a saber: la tipicidad de las reclamaciones y la adecuada representación que los integrantes del grupo presente pueda hacer de los demandantes ausentes.

Los reclamos de los demandantes no pueden ser calificados como típicos de toda la clase, pues no se ha demostrado que existe una reclamación verdaderamente típica entre todos los integrantes de la alegada clase. Aquí son de particular relevancia y de indudable aplicación las palabras utilizadas por el Tribunal Supremo en el caso de *Cuadrado Carrión, supra:*

*"La jurisprudencia y la doctrina aceptan que la clase no tiene que estar necesariamente compuesta por personas con idénticas reclamaciones, de modo que se produzca una circunstancia de impecable uniformidad. No obstante, en casos como el presente, donde las cuestiones principales requieren la adjudicación por separado de la reclamación o defensa de cada miembro de la clase, las situaciones individuales pueden tornar atípicas las reclamaciones de un demandante si son particularmente peculiares, o cuando los historiales de trabajo requieren defensas singulares". Cuadrado Carrión, supra,* a la pág. 454.

Finalmente, no podemos aceptar la aseveración de los demandantes, en el sentido de que en el presente pleito procede la certificación de la clase *"independientemente del número de los miembros de la clase y de la adecuada representación de la misma, entre otras consideraciones inaplicables de la Regla 20 de Procedimiento Civil."* Ya hemos señalado que el requisito de adecuada representación es uno de índole constitucional, cuya inobservancia puede conducir a la indebida privación, por el tribunal, de los derechos de los miembros ausentes de la clase.

Según señalado en *Cuadrado Carrión, supra,* el requisito de adecuada representación está íntimamente ligado al de tipicidad. Si las reclamaciones de algunos integrantes de la clase no son típicas, entra en juego la posibilidad de conflictos entre los integrantes del grupo. Existiendo la posibilidad del conflicto, se pierde entonces la garantía de una litigación agresiva y vigorosa que represente los intereses de todos los integrantes de la clase. *Cuadrado Carrión, supra,* a la pág. 455. En el caso de autos, al no haber una verdadera tipicidad entre las reclamaciones realizadas por todos los alegados integrantes de la clase, no puede existir una verdadera capacidad de los demandantes presentes de representar adecuadamente los intereses de los otros mil doscientos (1,200) alegados miembros de la clase, cuyas reclamaciones no han sido precisadas ni por los propios demandantes. Es necesario concluir que, en el pleito instado por los peticionarios, éstos no están capacitados para dar adecuada representación a los demás alegados integrantes de la clase, por lo que no cumplen con el inciso (4) de la Regla 20.1 de Procedimiento Civil, *supra*.

Habiendo determinado que los demandantes no cumplen con tres de los requisitos exigidos por la Regla 20.1, *supra* (comunidad, tipicidad, adecuada representación), es innecesario que pasemos a determinar si los demandantes cumplen con alguno de los tres requisitos adicionales dispuestos en la Regla 20.2, *supra*. Es a todas luces evidente que el pleito ante nuestra consideración no puede ser certificado como uno de clase.

Finalmente, no podemos pasar por alto el hecho de que la única cita que hacen los demandantes en apoyo a su contención, *Almodóvar v. Warren Electric Co.,* 140 D.P.R. \_\_\_, **96 J.T.S. 75,** es de poca o ninguna aplicación a la situación de autos. Allí se trataba de la reclamación de una sola empleada que, representada por el Secretario del Trabajo, instó una acción por despido injustificado. El Tribunal Supremo no analiza ninguno de los estatutos relevantes al recurso de autos. Según los demandantes, la capacidad brindada por ley al Secretario del Trabajo para representar conjuntamente a obreros cuyas reclamaciones surjan de circunstancias similares, es equiparable a la capacidad de los demandantes para representar a todos los empleados y ex-empleados de Motorola alegadamente afectados. Este argumento es muy poco convincente. Se trata de situaciones claramente distinguibles, pues en el caso de autos la similaridad entre las reclamaciones hechas por cada uno de los posibles integrantes de la clase es, precisamente, el principal punto de contención.

En resumen, y como señaló el Tribunal de Primera Instancia, *"los hechos de la presente reclamación se basan en que los demandantes trabajaron durante su período de tomar alimentos y el séptimo día de descanso, y que se fraccionaron sus vacaciones ilegalmente, entre otras reclamaciones. Para determinar si los hechos alegados son ciertos en lo que respecta a los mil doscientos (1,200) empleados y ex-empleados que se pretenden representar, este Tribunal tendría que considerar, entre otras cosas, el horario, las hojas de asistencia y las solicitudes de vacaciones de cada uno de los mil doscientos (1,200) empleados y ex-empleados. Se trata de reclamaciones cuya procedencia está estrechamente ligada a la situación particular de hechos de cada reclamante."* Apéndice, a la pág. 42. Ante la indiscutible particularidad de cada uno de los casos que los aquí demandantes pretenden aglutinar en una demanda de clase, es necesario concluir que la certificación solicitada no puede ser concedida, por el claro incumplimiento de los demandantes con las disposiciones de la Regla 20.1 de Procedimiento Civil, *supra*.

## IV

Por los fundamentos antes expuestos, se deniega la expedición del auto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 133

**1.** Debemos señalar que en el más reciente suplemento (1998) del Título 29 de las Leyes de Puerto Rico Anotadas, se omiten dos párrafos de la sección 282, entre ellos, el segundo párrafo antes transcrito. La omisión es errónea, pues la más reciente enmienda a esta sección (Ley Núm. 83 de 20 de julio de 1995) señala que se añaden dos nuevos párrafos a la misma, sin derogar expresa o implícitamente los párrafos omitidos en el suplemento.

**2.** Los demandantes, en el escrito de demanda, señalan que hay diferencias entre los días de vacaciones a que tienen derecho los empleados, según varíe su antigüedad en la empresa. También señalan que hay diferencias en las remuneraciones recibidas por cada empleado, dependiendo del turno en que labora. Apéndice, a las págs. 6-8. Finalmente, también reclaman los demandantes que se consideren como empleados en *"circunstancias similares"* a aquellos empleados que prestaron servicios en Motorola a través de compañías de empleo temporero.