# 2003 DTA 86

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL III DE ARECIBO/UTUADO

EDGARDO CRUZ GONZALEZ, *ET AL.*
Recurridos

v.

TERMO KING DE PUERTO RICO, INC.
Peticionaria

Núm. KLCE-2003-00313

San Juan, Puerto Rico, a 12 de mayo de 2003

Panel integrado por su Presidente, el Juez Soler Aquino
y los Jueces Colón Birriel y Escribano Medina

Escribano Medina, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria, Termo King de Puerto Rico, Inc., nos solicita la revocación de la resolución emitida el 4 de febrero de 2003 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (Hon. Manuel A. Orriola Pérez, J.), en adelante el Tribunal. Dicho foro permitió que los recurridos efectuaran nuevas enmiendas a su Demanda Enmendada, tanto de contenido como de alegaciones, a pesar de que éstos no habían cumplido con las órdenes del Tribunal para que finalizaran con el proceso de intervención de nuevos demandantes, así como de enmiendas para incorporar nuevas alegaciones.

### I

El 7 de agosto de 2001, un grupo de diecisiete (17) demandantes presentaron un pleito judicial bajo el mecanismo de acumulación permisible de demandantes establecido por la Ley Número 379 de 15 de mayo de 1948, según enmendada, en adelante Ley Núm. 379. 29 L.P.R.A. sec. 282; *Caguas L.Y., Inc. v. Tribunal Superior*, 96 D.P.R. 848, 852 (1969). Los demandantes reclamaron compensación por trabajos realizados durante el período dispuesto para el consumo de alimentos, así como durante el séptimo día de trabajo, compensación por vacaciones no concedidas o no disfrutadas de modo consecutivo o fraccionadas indebidamente, así como salarios y horas extras adeudadas. Véase la página 7 del Apéndice de la Petición de *Certiorari*. Cabe señalar que el pleito fue instado al amparo de la Ley Número 2 de 17 de octubre de 1961. 32 L.P.R.A. sec. 3118.

Luego de haber sido emplazada el 20 de agosto de 2001, la peticionaria contestó la demanda el 19 de septiembre de 2001. Posteriormente, el 1ro de febrero de 2002, la peticionaria presentó una moción en la cual solicitó al Tribunal que estableciera un término de ciento veinte (120) días para que los posibles demandantes se incorporaran al pleito para así evitar un potencial abuso del proceso de descubrimiento de prueba. Los recurridos se opusieron alegando que el debido proceso de ley sería mejor servido si el Tribunal continuaba permitiendo la acumulación de demandantes mientras el pleito no se encontrara maduro. Adujo que una vez el pleito estuviera maduro (próximo a la Conferencia con Antelación al Juicio), el Tribunal debía publicar *"edictos alertando y apercibiendo a potenciales miembros de la clase de un término dentro del cual podrían intervenir en el caso, o de lo contrario de interesar salarios y otros haberes al patrono demandado, deberían hacerlo en un pleito independiente."* Véase la página 28 del Apéndice de la Petición de *Certiorari*.

Reiterándose en su solicitud original para que se fijase un término límite de ciento veinte (120) días para la acumulación de demandantes, la peticionaria se opuso mediante moción a la contención de los recurridos e indicó que:

*"...TK no se opone a que se enmiende la demanda para incluir nuevos reclamantes, sino que sólo se opone a que dichas acciones sean permitidas durante todo el tiempo que dure el pleito y hasta el momento en que se señale una Conferencia con Antelación al Juicio, toda vez que ese momento es totalmente incierto y colocaría a TK en una posición de desventaja al no conocer, con precisión, cuáles son las partes envueltas en el litigio, cuándo y hasta cuándo se llevará a cabo descubrimiento de prueba en cuanto a éstas, cuánto descubrimiento será necesario, y cómo se defenderá de las alegaciones de cada una de las partes."* Véanse las páginas 63-64 del

Apéndice de la Petición de *Certiorari*.

Así las cosas, el 28 de agosto de 2002, el Tribunal le fijó a los recurridos un término final de veinte (20) días para que notificara la inclusión al pleito de cualquier demandante adicional. Mediante escrito fechado 27 de septiembre de 2002, los recurridos informaron al Tribunal que doce (12) personas más deseaban intervenir en el proceso. El 16 de octubre de 2002, el Tribunal permitió la intervención. Dicha orden fue notificada el 18 de octubre de 2002.

Sin embargo, el día anterior a la notificación, o sea, 17 de octubre de 2002, la peticionaria se había opuesto a dicha moción, ya que, según indicó, la solicitud de intervención de los recurridos se había presentado en el Tribunal el 30 de septiembre de 2002, o sea, en exceso del término concedido por el Tribunal para dicha gestión. Había indicado además que el trámite seguido por los recurridos había sido defectuoso e insuficiente de conformidad con las Reglas de Procedimiento Civil, ya que según ésta, para darle cumplimiento a la orden del Tribunal, era necesario que los recurridos presentaran una Demanda Enmendada. Como el Tribunal no tuvo esta moción ante su consideración antes de resolver, la peticionaria le solicitó al Tribunal que la estudiara.

Amparándose en la economía procesal, el 22 de octubre de 2002, el Tribunal se reafirmó en su determinación original, ya que el término de tiempo que había pasado no era tan sustancial como para impedir la presentación de la solicitud de intervención.

En su *"Réplica a Oposición a Acumulación de Demandantes Adicionales y a Moción en Torno a Orden Emitida el 16 de octubre de 2002"*, los recurridos indicaron que:

*"Ciertamente, si este Honorable Tribunal va a limitar en tiempo ese derecho de intervención que en Caguas Lumber Yard v. Tribunal Superior (supra) se dijo que era uno **consagrado terminantemente** por el legislador, ello debe ser luego de la publicación de un edicto en uno o más periódicos donde se anuncie públicamente la existencia de este pleito y el derecho de intervención de potenciales miembros de la clase. El costo lo sufragarán los demandantes."* Véase la página 87 del Apéndice de la Petición de *Certiorari*.

A tales fines, los recurridos presentaron ante la consideración del Tribunal un Proyecto de Orden y Edicto para que los potenciales miembros de la clase tuvieran un término de treinta (30) días para intervenir en el pleito y así ser acumulados como partes.

Luego de una serie de controversias sobre el referido edicto, el mismo fue publicado. Posteriormente, los recurridos informaron al Tribunal en varias ocasiones sobre el deseo de varios individuos de intervenir en el pleito en calidad de demandantes y presentaron una demanda enmendada para incluir a los nuevos demandantes. Véanse las páginas 178-187 del Apéndice de la Petición de *Certiorari*. Continuando con el patrón de imputaciones que las partes se han hecho mutuamente, la peticionaria se opuso en su *"Moción en Torno a Acumulación de Demandantes Adicionales y en Solicitud de Vista Argumentativa"* señalando que:

*"Una vez más TK se ve precisada a llamar la atención de este Honorable Tribunal y a solicitar que proteja sus derechos. El patrón de conducta desplegado por la parte demandante durante el trámite del mismo, indudablemente continúa afectando los derechos de la Compañía a una adecuada defensa. Así pues, a la parte demandante se le ha concedido, en más de una ocasión, términos para la acumulación de demandantes, y sin embargo, una y otra vez, pretende aplazar los mismos y peor aún, mediante falsas representaciones, intenta acumular demandantes de forma tardía."* Véase la página 196 del Apéndice de la Petición de *Certiorari*.

Luego de la presentación de otros escritos, la peticionaria radicó una *"Moción en Torno a Otra en Cumplimiento de Orden y Reiterando Solicitud de Vista Argumentativa"* y otro escrito titulado *"Moción en Torno a Demanda Enmendada"*. En este último, la peticionaria solicitó que no se permitieran las nuevas enmiendas a la

demanda, ya que:

"*Luego de un examen detenido del escrito que nos fue notificado, nos pudimos percatar que la Demanda Enmendada que pretende presentar la parte demandante no sólo fue enmendada para incluir demandantes adicionales, - que fue precisamente para lo que este Tribunal la permitió, - sino que se incluyen en la misma, nuevas alegaciones y/o reclamaciones, así como cambios radicales a la teoría en la que los demandantes basan su reclamación por concepto del periodo de tomar alimentos. Defenderse de una reclamación que cambia a la sazón y con la frecuencia que determinen los demandantes, priva a Termo King del debido proceso de ley. Además, ello demuestra, una vez más, el patrón de conducta que ha caracterizado a la parte demandante durante el trámite de este litigio, ya que tal y como suele acostumbrar, intenta nuevamente valerse de las concesiones de este Tribunal, para hacer lo que le plazca. Así pues, este Tribunal le requirió presentar una Demanda Enmendada que incluyera a los nuevos demandantes, dentro de un término en específico. Sin embargo, ésta optó, no sólo por presentar la misma fuera de término, sino que además decidió añadir varias alegaciones, y reclamaciones adicionales que significativamente afectan la complejidad del caso, así como del descubrimiento de prueba que debe conducirse. Asimismo, cambió radicalmente la teoría legal en la que basaba su reclamación sobre el periodo de tomar alimentos. Ello, sin siquiera obtener permiso del Tribunal, o notificarle previamente a éste sobre sus intenciones.*" Véanse las páginas 221-222 del Apéndice de la Petición de *Certiorari*.

Finalmente, y en lo pertinente al recurso ante nos, señalamos que el 4 de febrero de 2003 el Tribunal emitió la siguiente orden:

"*Habiéndose permitido demandantes adicionales, es permisible que se efectúen enmiendas en la demanda enmendada, tanto de contenido como de alegaciones, por lo cual no ha lugar a lo alegado.*" Véase la página 229 del Apéndice de la Petición de *Certiorari*.

Inconforme, la peticionaria nos presenta el siguiente señalamiento de error:

"*Erró el Honorable Tribunal de Instancia al declarar No Ha Lugar la solicitud presentada por TK para que no se permitieran las Enmiendas a las alegaciones pretendidas por la parte recurrida.*" ■

Luego de examinadas las posiciones de las partes y el derecho aplicable, estamos en condiciones de resolver.

## II

Aunque gran parte de los planteamientos de la peticionaria se concentran en puntos no sujetos a nuestra función revisora puesto que son finales y firmes, aún así existen controversias de derecho que merecen ser atendidas ya que son medulares al proceso de impartir justicia en este caso.

La Ley Núm. 379 regula los procedimientos sobre las reclamaciones judiciales de empleados sobre compensación por horas regulares y horas extras de trabajo así como por el periodo señalado para la toma de alimentos. En lo pertinente, el artículo 13 de esta ley dispone que:

"*La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares;...*" ■

En *Caguas L. Y., Inc. v. Tribunal Superior*, 96 D.P.R. 848, 854 (1969), el Tribunal Supremo indicó que esta ley consagra terminantemente el derecho de uno o más empleados a instar la acción judicial a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares. El pleito de clase dispuesto por esta legislación es armonizable con el pleito de clase regulado por la Regla 20.1(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 20.1(c). *Id*.

Sobre el particular [Regla 20.1(c), *supra*], el Tribunal Supremo ha indicado que:

*"En este tipo de pleito, el derecho solicitado a favor o en contra de la clase es solidario, y existe una cuestión común de hechos o de derecho que afecta los derechos solidarios y se solicita un remedio común. No existen relaciones legales entre los miembros de la clase. Sus derechos y obligaciones son distintos y la clase se forma exclusivamente a base de la presencia de una cuestión común de hechos o de derecho. Tanto la doctrina jurisprudencial como los comentaristas de la regla federal sostienen que cuando se incoa un pleito a favor o en contra de la clase, ello es meramente una invitación para que los miembros de la clase se unan al pleito y que la invitación puede ser o no aceptada. Los que no comparecen como demandantes originales no vienen obligados a unirse al pleito. Como dice Moore, es un mecanismo para la acumulación permisible de partes. La sentencia que se dicta en este tipo de pleito sólo obliga a los miembros de la clase que comparecen ante la corte, y no a toda la clase." Caguas L.Y., Inc. v. Tribunal Superior, supra*, pág. 852.

Por otro lado, debemos indicar que la amplia discreción concedida por las reglas procesales a los tribunales de instancia facultan a éstos a permitir enmiendas a las alegaciones de las partes. *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721, 737 n. 4 (1984). La Regla 13.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 13.1, dispone que:

*"Cualquier parte podrá enmendar sus alegaciones, una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y* ***el permiso se concederá liberalmente cuando la justicia así lo requiera****. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de veinte (20) días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordenare."* Enfasis nuestro.

La concesión liberal del permiso para enmendar las alegaciones puede otorgarse aun en etapas avanzadas de los procedimientos. *Ortiz Díaz v. R. & R. Motors Sales Corp.*, 131 D.P.R. 829, 836 (1992). Sin embargo, la liberalidad de esta Regla 13 no es infinita; está condicionada a un juicioso ejercicio de discreción que ha de ponderar por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda, el perjuicio ■ que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la defensa que tardíamente se plantea. *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793, 796 (1975). El Tribunal Supremo de los Estados Unidos lo ha indicado de la siguiente manera:

*"In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis*, 371 U.S. 178, 182 (1962).

El Primer Circuito de Apelaciones Federal ha señalado que:

*"While leave to amend "shall be freely given when justice so requires", Fed.R.Civ.P. 15(a), parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment. A party's belated attempt to revise its*

*pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations."* Quaker State Oil Refining Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517 (1st Cir. 1989). Citas Omitidas.

La cuestión sobre si ciertas partes deben o no ser adicionadas o eliminadas en una acción presenta problemas de administración judicial sobre las cuales el Tribunal y no las partes y sus abogados deben tener control en toda etapa del litigio. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, **Publicaciones JTS**, T. I, 2000, pág. 315. En una línea similar, el Tribunal Supremo de Puerto Rico ha resuelto que en los casos civiles complejos, es indispensable que el tribunal, desde el comienzo, identifique los problemas potenciales y tome el control del caso. *Vellón v. Squibb Mfg., Inc.,* 117 D.P.R. 838, 849-850 (1986).

En este caso, entendemos que el Tribunal abusó de su discreción al permitir nuevas enmiendas a la demanda. Hacemos eco de lo indicado por el Segundo Circuito de Apelaciones Federal cuando señaló que:

*"For purposes of determining whether allowing party to amend its pleadings would prejudice nonmovant, Court of Appeals considers whether assertion of new claim would require opponent to expend significant additional resources to conduct discovery and prepare for trial, significantly delay resolution of dispute, or prevent plaintiff from bringing timely action in another jurisdiction."* Block v. First Blood Associates, 988 F.2d 344 (2nd Cir. 1993). Véanse, además, *Keiter v. Penn Mut. Ins. Co.,* 900 F.Supp. 1339 (D. Hawaii 1995); *Rouse v. Farmers State Bank of Jewell, Iowa,* 866 F.Supp. 1191 (N.D.Iowa 1994).

Precisamente, el permiso indiscriminado de enmiendas a la demanda constituye un perjuicio inaceptable para la peticionaria. ■ A pesar de han transcurrido casi dos años desde la presentación de la demanda original, todavía no se conoce con certeza quiénes son los demandantes. El Tribunal debe finalmente tomar las riendas de este caso.

Como muy bien indicara la peticionaria:

*"permitir las referidas enmiendas, a estas alturas de los procedimientos, no sólo complicaría el litigio a tal extremo, y dilataría los procedimientos de forma impermisible, sino que además impondrían al patrono demandado, entre otros, la necesidad de incurrir en gastos irrazonables en la defensa de las variadas alegaciones de la Demanda Enmendada."* Véase la página 19 de la Petición de *Certiorari*.

El dictamen del foro de instancia constituyó un abuso de discreción, por lo que no puede prevalecer. Aquellos nuevos demandantes tendrán que presentar un caso nuevo, si es que no han prescrito sus reclamaciones.

## III

Por los fundamentos anteriormente expresados, se expide el auto de *certiorari* y se revoca la resolución recurrida. Se devuelve el caso al Tribunal de Primera Instancia para procedimientos ulteriores de conformidad con nuestra determinación.

Lo acordó el Tribunal y lo certifica la Señora Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 86

**1.** La peticionaria nos indica que:

*"Las enmiendas a la demanda pretendidas por la parte demandante-recurrida, a estas alturas de los procedimientos, no*

*deben ser permitidas y evidenciaría el claro abuso de la discreción por parte del Tribunal de Instancia. Ello, pues permitirlas conlleva dilaciones impermisibles de los procedimientos en el caso, causa serios perjuicios a la parte demandada-peticionaria, y potencialmente, tornaría el caso en uno prácticamente inmanejable.*" Véase la página 12 de la Petición de *Certiorari*.

**2.** Renumerado como Artículo 14 por la Ley Número 83 de 20 de julio de 1995.

**3.** Se ha indicado que: "*primary consideration in assessing whether to grant motion to file second amended complaint is the potential prejudice that it would work on defendants.*" *Lewis v. Marine Midland Grace Trust Co. of New York*, 63 F.R.D. 39 (D.C.N.Y.1973). Se ha señalado además que: "*with passage of time and acceptance of earlier amendments, party seeking leave to amend must justify request by more than invocation of concept of liberality of rule governing amendment; burden is then on movant to show valid reason for neglect and delay, but such a shift in burden becomes appropriate only if delay imposes on court, requiring it to try case in seriatim or presents possibility of serious prejudice to opponent.*" *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F.Supp. 1213 (E.D.Wis.1993). En *Harter v. GAF Corp.*, 150 F.R.D. 502 (D.N. J.1993), se sostuvo que: "'*prejudice´, for purposes of determining whether to allow amendment to complaint, involves serious impairment of defendant's ability to present its case.*"

**4.** Debemos recordar que nuestra determinación en nada afecta los derechos de aquellas personas que pudieran tener reclamaciones contra la peticionaria, pero que actualmente no se encuentren envueltas en el presente litigio por no haber solicitado la intervención oportuna.