Martínez Torres, Juez Ponente
*657 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Milagros Díaz Medina, y otros, mediante recurso de apelación. Solicita que revoquemos una sentencia dictada el 2 de mayo de 2003, por el Tribunal de Primera Instancia, Sala de Fajardo (Hon. Ismael R. Colón Pérez, Juez). En la referida sentencia, el tribunal declaró con lugar una solicitud de desestimación parcial presentada por la codemandada-apelada, Warner Lambert, Inc. (ahora Pfizer Pharmaceutical, Inc., de aquí en adelante, “Pfizer”). A esos efectos, se desestimó la demanda de epígrafe en cuanto a nueve codemandantes. En cuanto a los tres co-demandantes que aún son empleados de Pfizer, se desestimó su reclamación en lo que respecta al período anterior a los tres años previos a la presentación de la demanda. Con relación a los codemandantes que han cesado en sus empleos, y para quienes la demanda no se encuentra prescrita, se desestimaron las reclamaciones en lo que respecta al período anterior a los últimos tres años de empleo con Pfizer.
Por los fundamentos que expondremos a continuación, modificamos la sentencia apelada para autorizar la demanda enmendada presentada por algunos de los demandantes-apelantes para quienes la demanda no está prescrita, a los únicos efectos de permitir la nueva teoría sobre el período de tomar alimentos. También deberá permitirse la inclusión de los codemandantes adicionales, adicionados en la demanda enmendada.
I
El 15 de mayo de 2001, Milagros Medina Díaz; María Lorenzada Ojeda; José Morales Colón; Carmen Ocasio De Jesús; Expedito Santiago; Julio Ramos Castro; José Rijos Rosario; Enereida Rivera Burgos; Ricardo Rivera Veve; Hiram Rosario Vélez; Rubén E. Santos Morales; Ana Torres Oyóla y Monroig Zelmira Villanueva, presentaron una demanda sobre reclamación de salarios y otros beneficios, contra Wamert Lambert, Inc. y Pfizer Pharmaceutical, Inc., como patrono sucesor. 
En la demanda se aclaró que los demandantes antes mencionados comparecían por sí y en representación de otros empleados y ex empleados de la codemandada-apelada, Warner Lambert, en las plantas de Carolina, Fajardo y Vega Baja, Puerto Rico. En síntesis, los demandantes reclamaron el pago de los períodos de tomar alimentos alegadamente no disfrutados, vacaciones no concedidas, horas extras no pagadas, bono de navidad, licencia por enfermedad no pagada, trabajo alegadamente realizado durante el séptimo día de descanso, salario mínimo por debajo de lo establecido, beneficios de plan de retiro, plan de ahorros, entre otras reclamaciones. La demanda se presentó al amparo del procedimiento sumario de reclamaciones laborales, establecido en la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. see. 3118 et. seq.
Los demandantes también alegaron que los casos civiles Núm. KPE 95-0509, KPE 95-0595 y KPE 95-0596, radicados en 1995, interrumpieron la prescripción de sus reclamaciones, ya que ellos eran potenciales codemandantes en los referidos pleitos, los cuales alegadamente fueron interpuestos como acciones representativas bajo el Artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. see. 271 et. seq (mejor conocida como la Ley de Días y Horas de Trabajo).
El 17 de julio de 2001, Pfizer contestó la demanda. Negó la mayoría de las alegaciones y levantó una serie de defensas afirmativas, entre las que se encuentra la prescripción de las reclamaciones. Posteriormente, Pfizer presentó una moción en solicitud de desestimación parcial. Expuso en aquella ocasión que aun.tomando como ciertos los hechos alegados, las reclamaciones se encuentran prescritas en cuanto a varios codemandantes, y que aquellos demandantes para quienes no se encuentran prescritas las reclamaciones, sólo tienen derecho a *658 reclamar por un período de retroactividad de tres (3) años anteriores a la fecha de la presentación de la demanda o de sus respectivas cesantías, según fuera el caso.
La codemandada-apelada, Pfizer, argumentó también en su moción de desestimación que este pleito no puede tramitarse como un pleito de clase clásico, sino como uno de acumulación permisible (“opt-in”), al amparo del Artículo 13 de la Ley Núm. 379, supra. El 2 de enero de 2002, los demandantes-apelantes, Medina y otros, presentaron su oposición a la moción de desestimación parcial.
Estando pendiente la resolución de la moción de desestimación parcial, Medina y otros solicitaron el 26 de noviembre de 2002 autorización para enmendar la demanda. Presentaron junto a la moción una demanda enmendada en la cual se incluyeron diecisiete (17) demandantes adicionales y se enmendó la teoría en cuanto a la reclamación relacionada al período de tomar alimentos. Posteriormente, los demandantes-apelantes, Medina y otros, presentaron una moción en la que solicitaron autorización para publicar un edicto, con el fin de notificar a otros demandantes potenciales sobre la existencia de la demanda e invitarle a unirse a la misma. Oportunamente, la codemandada-apelada, Pfizer, se opuso a la solicitud para enmendar la demanda.
El 2 de mayo de 2003, el Tribunal de Primera Instancia dictó la sentencia parcial apelada. En dicho dictamen, el tribunal resolvió la moción de los demandantes-apelantes, Medina y otros, en la que solicitaron autorización para enmendar la demanda, así como la moción de desestimación parcial presentada por la demandada-apelada, Pfizer. En primer lugar, el tribunal determinó no permitir la acumulación de demandantes adicionales ni la publicación del edicto solicitado. Fundamentó su determinación en que la acumulación de demandantes adicionales traería dilaciones innecesarias al trámite del caso y la complicación de su manejo tanto por las partes como por el tribunal.
A los fines de atender la moción de desestimación parcial, el tribunal procedió a dar por ciertos los hechos bien alegados de la demanda y los consideró de la manera más favorable a la parte demandante. Los hechos que el Tribunal de Primera Instancia tomó por ciertos son los siguientes:

“1. La codemandada, Warner Lambert, Inc., era una corporación debidamente autorizada a llevar a cabo negocios en el Estado Libre Asociado de Puerto Rico, la cual se dedicaba a la manufactura de productos farmacéuticos y para consumo humano, con plantas en Fajardo, Carolina y Vega Baja. Subsiguientemente, Pfizer Pharmaceuticals, Inc. pasó a operar y controlar las operaciones de Warner Lambert, Inc. en Puerto Rico.

2. Los codemandantes Carmen M. Ocasio de Jesús, José Rijos Rosario y Rubén E. Santos Morales aún son empleados de la parte demandada.

3. Por su parte, la codemandante Milagros Medina Díaz terminó su relación de empleo con la parte demandada allá para agosto de 1999.

4. Asimismo, los siguientes nueve (9) co-demandantes cesaron en sus respectivos empleos con la parte demandada en las fechas indicadas a continuación: (a) María Lorenzada Ojeda terminó en su empleo en diciembre de 1995; (b) José A. Morales Colón cesó en sus labores en abril de 1996; (c) Expedito Santiago laboró para la demandada hasta el 1997; (d) Julio Ramos Castro terminó su empleo en septiembre de 1994; (e) Enereida Rivera Burgos laboró hasta agosto de 1996; (f) Ricardo Rivera Vevé trabajó hasta diciembre de 1995; (g) Hiram Rosario Vélez terminó en su empleo en febrero de 1995; (h) Ana L. Torres Oyóla prestó sus servicios a la demandada hasta febrero de 1996, e (i) Monroig Zelmira Villanueva laboró hasta marzo de 1997.

5. Allá para el año 1995, varios empleados y ex-empleados de la parte demandada presentaron varias reclamaciones ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por conceptos similares a las 
*659
que son objeto del pleito de epígrafe, a saber, los casos de Villafañe, supra, Mujica, supra, y Castillo, supra. Dichos casos fueron presentados inicialmente como pleitos de clase. Eventualmente, los mismos fueron tramitados como pleitos consolidados por el Tribunal de Primera Instancia, Sala Superior de San Juan.

6. Casi dos (2) años más tarde, el 7 de mayo de 1997, el Tribunal de Primera Instancia, Sala Superior de San Juan, denegó la certificación de los referidos casos como pleitos de clase. Posteriormente, dicho foro otorgó varios términos para que los demandantes en dichos casos enmendaran las demandas, a los fines de incluir demandantes adicionales. En efecto, los demandantes presentaron varias demandas enmendadas en dichos casos, incluyendo demandantes y reclamaciones adicionales. A tales efectos, la última demanda enmendada fue permitida por el referido Tribunal de San Juan el 19 de mayo de 1998.

7. Mientras tanto, inconformes con la denegatoria de la certificación como pleito de clase, los demandantes en los referidos casos de San Juan incoaron un recurso apelativo ante el Tribunal de Circuito de Apelaciones, el cual confirmó la determinación del Tribunal de Primera Instancia, Sala Superior de San Juan, mediante Sentencia de 30 de enero de 1998. De dicha determinación, los demandantes recurrieron ante el Tribunal Supremo de Puerto Rico. Sin embargo, mediante Resolución de 30 de junio de 1998, el Tribunal Supremo de Puerto Rico declaró sin lugar dicho recurso. Luego de que los demandantes solicitaran reconsideración, el Tribunal Supremo de Puerto Rico emitió su dictamen final, declarando sin lugar la referida solicitud. Dicha Resolución fue emitida el 25 de agosto de 1998, es decir, más de tres años con posterioridad a la fecha de la presentación de las demandas originales. Precisa señalar que los trámites en el Tribunal de Primera Instancia, Sala Superior de San Juan, en los referidos casos no fueron paralizados mientras se dilucidaban los recursos apelativos. ”

Sentencia Parcial Apelada, pág. 6; Ap. Apel., pág. 236; énfasis en el original.
Al estudiar el Artículo 13 de la Ley Núm 379, supra, así como su contraparte en el “Federal Labor Standards Act” (FLSA), 29 U.S.C.A. sec. 216(b), y la jurisprudencia aplicable, el tribunal encontró que en este tipo de caso lo procedente es la acumulación permisible de parte, por lo que cada empleado debe optar afirmativamente por unirse al pleito. Por lo tanto, el tribunal señaló que a las fechas de presentación de las demandas en los casos de Villafañe, supra, Mujica, supra, y Castillo, supra, el derecho aplicable era la disposición especial del Artículo 13 de la Ley Núm. 379, supra, y no el pleito de clase al amparo de las Reglas de Procedimiento Civil vigentes.
A la luz de lo anterior, el tribunal atendió el planteamiento de los aquí demandantes-apelantes, Medina y otros, en el sentido de que la presentación de los tres pleitos antes señalados tuvieron el efecto de interrumpir el término prescriptivo para todos los potenciales demandantes, aunque la certificación de clase fuera denegada posteriormente. Al examinar una serie de jurisprudencia estatal y federal, el tribunal a quo resolvió lo siguiente:

“....[Njo albergamos duda de que, allá para el 1995, cuando los demandantes en los casos de Villafañe, supra, Mujica, supra, y Castillo, supra, presentaron sus demandas, éstos conocían o debían conocer que las mismas no podían prosperar como un pleito de clase al amparo de la Regla 20 de las de Procedimiento Civil, por razón de que, a dicha fecha, ya no existía la acción de clase “espuria ” que existía con anterioridad al 1979, por lo cual la Regla 20 vigente no cobijaba su acción. Además, para dicha fecha ya existía jurisprudencia en el ámbito federal que expresamente disponía que los pleitos bajo el FLSA, estatuto análogo a nuestra Ley Núm. 379, supra, no pueden ser certificados como pleitos de clase bajo las Reglas Federales de Procedimiento Civil, ni como pleito representativo alguno. La Chapelle v. Owens-Illinois, Inc., 513 F. 2d 286, 288 (5to. Cir. 1975)....Por tanto, la pretensión de los demandantes en el caso del epígrafe podría acarrear precisamente aquéllo que preocupó al Tribunal Supremo de los Estados Unidos; a saber: el uso del pleito de clase, con conocimiento de que el mismo no procede, con el propósito de interrumpir el término prescriptivo para potenciales demandantes, por un término indefinido de tiempo. ” American Pipe & Construction Co. v.

*660
Utah, supra, Crown, Cork & Seal Co. v. Parker, supra.

Sentencia Parcial Apelada, pág. 12; Ap. Apel., pág. 242; citas omitidas.
Así las cosas, el Tribunal de Primera Instancia concluyó que los tres casos presentados en el 1995 como pleitos de clase, no tuvieron el efecto de interrumpir la prescripción de las reclamaciones presentadas en mayo de 2001 por los aquí demandantes-apelantes, Medina y otros. Dicho foro expuso que una decisión contraria tendría el resultado de que el mero uso de la frase “pleito de clase” paralice la prescripción, y que por lo tañt'ó, demandantes potenciales se crucen de brazos y no ejerciten su acción a tiempo. Expresó también el tribunal que los nueve (9) codemandantes objeto de la moción de desestimación parcial esperaron entre cuatro (4) y siete (7) años desde el cese de sus empleos para presentar la demanda, lo cual no debe prevalecer.
Luego de resolver que en las reclamaciones de salarios al amparo de la Ley Núm. 379 el término prescriptivo no se interrumpe por la presentación de otros “pleitos de clase”, el tribunal procedió a dilucidar si la reclamación se encuentra prescrita en cuanto a alguno o algunos de los codemandantes. Específicamente, el tribunal resolvió que la demanda se encuentra prescrita en cuanto a los nueve (9) codemandantes antes señalados, por haberse interpuesto pasados más de tres (3> años desde el cese en el empleo. Para fundamentar su determinación, el tribunal hizo referencia al Artículo 12 de la Ley Núm. 180 de 27 de julio de 1998, 29 L.P.R.A. see. 250 (j) et. seq.
Por otro lado, el Tribunal de Primera Instancia resolvió que aun si los tres pleitos antes mencionados hubiesen sido pleitos de clase que interrumpieron el término prescriptivo, la demanda de autos estaría igualmente prescrita. Se fundamentó esta conclusión en que “aun en los casos en que se ha resuelto que la presentación de un pleito de clase interrumpe el término prescriptivo para todos los potenciales demandantes, tanto nuestro Tribunal Supremo como el de Estados Unidos han aclarado que dicha interrupción existe sólo hasta la denegatoria de la certificación de la clase”. De acuerdo a la sentencia parcial apelada, esa denegatoria ocurrió el 7 de mayo de 1997. Sentencia Parcial Apelada, págs. 17 y 18; Ap. Apel., págs. 247 y 248. En este cómputo, el tribunal no contó el tiempo que estos casos estuvieron en proceso apelativo. Por lo tanto, el tribunal concluyó que los aquí codemandantes-apelantes, tenían hasta el 7 de mayo de 2000 para presentar su demanda, pero presentaron la misma el 15 de mayo de 2001, por lo que está prescrita.
El tribunal también resolvió que no pueden retrotraerse por un término de diez (10) años las reclamaciones de aquellos demandantes para quienes la demanda no se encuentra prescrita. Se basó el tribunal en una interpretación del Artículo 12 de la Ley Núm. 180, supra, y de la Ley Núm. 96 de 26 de junio de 1956, 29 L.P. R.A. secs. 211 et. seq., mejor conocida como la Antigua Ley de Salario Mínimo. Así las cosas, el tribunal concluyó que son de entera aplicación las disposiciones de la Ley Núm. 180, supra, tanto para el término prescriptivo para presentar la reclamación, como para el período que puede comprender la misma.
Por último, el tribunal a quo entró a dilucidar la “nueva teoría de derecho” de que los permisos de reducción del período de tomar alimentos (PTA) son nulos. El tribunal atendió este señalamiento a los únicos efectos de su aplicación a los demandantes originales, toda vez que no se permitió la acumulación de nuevos demandantes, según lo reseñado anteriormente. Sobre este particular, el tribunal concluyó que la reducción del período de alimentos es un acuerdo o contrato entre las partes que no necesita el consentimiento del Secretario del Departamento del Trabajo.
A la luz de lo anterior, el Tribunal de Primera Instancia declaró con lugar la solicitud de desestimación parcial presentada por la codemandada-apelada, Pfizer. Por lo tanto, se desestimó la demanda en cuanto a nueve (9) de los co-demandantes. En cuanto a los tres (3) codemandantes que aún son empleados de Pfizer, se desestimó la reclamación en lo que respecta al período anterior a los tres (3) años que precedieron a la presentación de la demanda. En cuanto a los demandantes que han cesado en sus empleos con Pfizer, y para *661 quienes la demanda no está prescrita, el tribunal desestimó sus reclamaciones en lo que respecta al período anterior a los últimos tres años de empleo. Finalmente, el tribunal declaró sin lugar la solicitud para enmendar la demanda e incluir demandantes adicionales.
Inconforme con la sentencia antes reseñada, acuden ante nos los demandantes, Medina y otros, mediante recurso de apelación. En síntesis, alegan que erró el Tribunal de Primera Instancia al no permitir la enmienda a la demanda; al resolver que los tres pleitos radicados en 1995 no interrumpieron la prescripción en cuanto a ellos se refiere; al resolver que la demanda está prescrita para nueve de los codemandantes; al resolver que las reclamaciones no prescritas están limitadas a los últimos tres (3) años de empleo y al prejuzgar la nueva teoría de los codemandantes en cuanto al período de tomar alimentos.
Con el beneficio de la comparecencia de la co-demandada apelada, Pfizer, y luego de estudiar el expediente y el derecho aplicable, resolvemos.
II
La contención principal de los demandantes-apelantes, Miranda y otros, es que las demandas presentadas en 1995 por otros empleados de Pfizer (antes Warner Lambert) interrumpieron la prescripción para las reclamaciones presentadas por ellos en mayo de 2001. Para atender propiamente este señalamiento, procede hacer un recuento de las disposiciones legales aplicables a este asunto.
En primer lugar, es importante señalar que al momento de radicarse los pleitos en el año 1995, estaba vigente la Sección 32 de la Ley Núm, 96, supra, sec. 246d. Dicha Sección disponía en parte que el empleado que había cesado en su empleo con el patrono podía reclamar los salarios adeudados correspondientes a los últimos diez (10) años en el empleo, anteriores a la fecha de su cesantía. Sin embargo, para instar esa acción, el empleado tenía un término de tres años computados desde que cesó en el empleo. Alberto Acevedo Colom, Legislación Protectora del Trabajo Comentada, 7ma. ed., 2001, pág. 50.
Por lo tanto, bajo la anterior ley de salario mínimo, el empleado que había cesado en su empleo podría ir trece años (13) hacia atrás en una reclamación de salarios, es decir, los últimos diez (10) años trabajados con el patrono y tres años adicionales computados desde la ruptura de la relación empleado-patrono, mientras que la reclamación del empleado que continuaba trabajando para el patrono sólo podía retrotraerse a los últimos (10) años trabajando para dicho patrono. Id.
Como ya expusimos anteriormente, la Ley Núm. 96, id., fue derogada en el 1998 por la Ley Núm. 180, supra, mejor conocida como la Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad. Sobre los términos prescriptivos, dicha ley dispone en su Artículo 12 lo siguiente:

“§250j. Término prescriptivo

(a) Por el transcurso de tres (3) años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de esta Ley o cualquier decreto mandatorio, ya aprobado o que se apruebe, de acuerdo con las disposiciones de esta Ley o al amparo de cualquier contrato o ley. Para la prescripción de esta acción, el tiempo se contará desde que el empleado cesó su empleo con el patrono. El término de prescripción antes indicado se interrumpirá y comenzará a transcurrir de nuevo por la notificación de la deuda de salario al patrono, judicial o extrajudicialmente, por el obrero, su representante, o funcionario del Departamento con facultad para ello y por cualquier acto de reconocimiento de la deuda por el patrono.

(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviese derecho el empleado, por cualquier concepto, durante los últimos tres (3) años 
*662
anteriores a la fecha en que se estableciese la acción judicial.

(c) En el caso de que el empleado hubiese cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos tres (3) años anteriores a la fecha de su cesantía.

(d) En relación con el término prescriptivo provisto en esta sección, un cambio en la naturaleza de las labores del empleado no constituirá una novación del contrato de empleo.

(e) Lo dispuesto en este Artículo en nada afectará los casos ya radicados en los tribunales, o que se radiquen dentro de un (1) año después de entrar en vigor este capítulo. ”

Enfasis suplido.
Esta nueva ley de salario mínimo, vacaciones y licencia por enfermedad resulta más restrictiva que su antecesora, en cuanto a los términos prescriptivos se refiere. Alberto Acevedo Colom, supra, pág. 51. Es importante aclarar además que los términos prescriptivos de la Ley Núm. 180, id., son también de aplicación a las disposiciones de la Ley Núm. 379, supra, la cual provee para el pago de horas extras y establece una penalidad por tiempo trabajado durante los períodos de tomar alimentos. Véase sobre el particular, la Ley Núm. 80 de 21 de mayo de 2000.
III
Sobre el procedimiento para instar una reclamación al amparo del Artículo 13 de la Ley Núm. 379, id. see. 282, la ley consagra el derecho de uno o más empleados a instar la reclamación judicial a nombre suyo o de ellos o de empleados que estén en circunstancias similares. Caguas L. Y., Inc. v. Tribunal Superior, 96 D.P.R. 848, 854 (1969). Específicamente, dicho Artículo 13 dispone lo siguiente en sus partes pertinentes:
“§282. Horas de trabajo — Reclamaciones de empleados; daños; transacción; intervención de mediadores

La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares; Disponiéndose, que después de iniciada judicialmente la reclamación, ésta podrá ser transigida entre las partes, con la intervención del Secretario del Trabajo y recursos Humanos, designado por dicho Secretario y la aprobación del Tribunal.

Enfasis suplido.
En Caguas L. Y., Inc. v. Tribunal Superior, supra, el Tribunal Supremo interpretó la disposición antes transcrita del Artículo 13 de la Ley Núm. 379, supra, a la luz de la antigua Regla 20.1 (c) de Procedimiento Civil, procedente a su vez de la Regla 23 de Procedimiento Civil Federal. Al estudiar dicha regla federal, el Tribunal Supremo apuntó a que la ésta clasificaba los pleitos de clase en tres categorías, es decir: (1) la verdadera acción de clase; (2) la híbrida; y (3) la espuria. En el pleito de clase espurio, el derecho solicitado a favor o en contra de la clase era solidario, y existía una cuestión común de hechos o de derecho que afectaba los derechos solidarios y se solicitaba un remedio común. Por otro lado, no existían relaciones legales entre los miembros de la clase y sus derechos y obligaciones eran distintos, por lo que la clase se formaba exclusivamente a base de la presencia de una cuestión común de hechos o de derecho.
De acuerdo a los comentaristas de la regla federal, incoar un pleito de clase espurio constituía meramente una invitación para que los miembros de la clase se unieran al pleito y que dicha invitación podía ser aceptada o no. Es decir, se consideraba como un mecanismo de acumulación permisible de partes. La sentencia, por lo tanto, sólo obligaba a los miembros de la clase que comparecieron a la corte y no a toda la *663 clase. Caguas L.Y. v. Tribunal Superior, pág. 852.
Luego de aclarar lo anterior, el Tribunal Supremo hizo un análisis del Artículo 13 de la Ley Núm. 379, supra, a la luz de la Federal Labor Standards Act (ELSA), supra. Específicamente, el tribunal estudió aquella porción del Artículo 13 que lee: “La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares... ”.
A raíz de esta disposición legal, el Tribunal señaló que “la Ley Núm. 379 consagra terminantemente el derecho de uno o más empleados a' instar la acción judicial a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares, independientemente del factor numérico necesario para constituir la clase... ”. Caguas L.Y. v. Tribunal Superior, supra, pág. 854. En ese sentido, el más alto foro resolvió que la Ley Núm. 379 y la antigua Regla 20.1 de Procedimiento Civil son armonizables. De otro lado, el Tribunal adoptó la interpretación que se le ha dado al ELSA, por lo que aclaró que el pleito de clase creado por el Artículo 13 de la Ley Núm. 379, supra, es de la misma naturaleza que el creado en la antigua Regla Federal de Procedimiento Civil 23(a). Por lo tanto, concluyó el Tribunal Supremo que el efecto legal de la acción interpuesta en dicho caso por cuatro empleados a nombre propio y de los otros empleados en circunstancias similares, se limitaba a que éstos se unieran al pleito, si así lo deseaban.
IV
A la luz de la controversia planteada por los demandantes-apelantes, Medina y otros, y ante la carencia en nuestro ordenamiento de disposiciones específicas que establezcan desde qué momento un empleado comienza a ser parte de un pleito al amparo del Artículo 13 de la Ley Núm. 379, supra, para los efectos de prescripción, procede que expongamos la forma que este asunto se ha atendido a nivel federal.
El Artículo 13 antes transcrito proviene directamente de la Sección 216(b) de la Federal Labor Standards Act (FLSA), supra, la cual dispone:

“Section 216. Penalties

(b) Damages; right of action; attorney's fees and costs; termination of right of action

.An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.”.
Enfasis suplido.
Se ha dicho que la sección 216(b) de la F.L.S.A., supra, es una ley especial que varía el procedimiento en algunos pleitos de clase por razones de política pública. Como vimos, dicha ley ordena que ningún empleado será parte demandante en una acción bajo ésta a menos que de su consentimiento por escrito y el mismo no se presente en el tribunal. Dr. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones J.T.S., Tomo I, pág. 393. Se ha dicho también que a pesar de que los tribunales han resuelto en algunas ocasiones que la causa de acción bajo la see. 216 (b), supra, es distinta de la establecida por las reglas procesales federales, los tribunales han restringido la composición de la clase a aquellos que efectivamente radicaron su consentimiento por escrito al momento de certificarse la clase. Id.; citando a Sussan y Scher, Class Actions Under the Fair Labor Standardas Act, 11 Clearinghouse Rev. 713, 719 (Die. 1977).
Por otro lado, la sección 256 del F.L.S.A., supra, dispone que una acción representativa bajo esta ley *664 comienza para cada uno de los empleados demandantes: (1) en el día que se presenta la demanda si el empleado es nombrado en la demanda, y su consentimiento para constituirse parte se presentó junto con la demanda; o (2) en caso de que no fuera nombrado en la demanda, o que el consentimiento no apareciera, en el día siguiente a aquél en el que sea prestado el consentimiento.
En un caso un tanto similar a lo alegado en este caso, este foro apelativo intermedio, al interpretar y adoptar como persuasivas las disposiciones de la ley federal, resolvió que la radicación de un “pleito de clase” al amparo del Artículo 13 de la Ley Núm. 379, no tiene el efecto de interrumpir para todos los empleados que estuvieran en circunstancias similares y que sólo serán parte al momento en que soliciten su intervención en el pleito. Rafael A. Rodríguez Vega y otros v. Syntex, Inc., KLCE-02-00438, Resolución de 31 de octubre de 2002, Cir. Reg. VI (Hon. Colón Birriel, Juez Ponente). 
V
Utilizando como fundamento el caso de Caguas L.Y. v. Tribunal Superior, supra., los aquí demandantes-apelantes, Medina y otros, argumentan que siendo el pleito representativo bajo la Regla 20 de Procedimiento Civil de la misma naturaleza que el Art.13 de la Ley Núm. 379, supra, la radicación de un pleito bajo cualesquiera de dichas disposiciones interrumpe la prescripción para todos los potenciales reclamantes miembros de la clase que deseen reclamar con posterioridad a la presentación del pleito, sea en el mismo mediante acumulación permisible o en un pleito independiente. Escrito de Apelación, pág. 7. Sostienen este punto a pesar de reconocer que la clasificación de pleito de clase espurio bajo la antigua Regla 20 de Procedimiento Civil ya no existe en nuestro ordenamiento.
Los demandantes-apelantes, Medina y otros, también citan como persuasivo a favor de su planteamiento el caso de Rivera Pérez v. Chemetronics, KLAN-00-00956, Sentencia de 31 de octubre de 2000, Circuito Regional VII (Martínez Torres, Juez ponente). Alegan que en ese caso se “reconoció el efecto interruptor de la prescripción para beneficio de potenciales demandantes miembros de la clase con la radicación de un pleito representativo bajo el Artículo 13 de la Ley Núm. 379, supra”. Escrito de Apelación, pág. 8. Valga aclarar que eso no fue precisamente lo que resolvimos en aquella ocasión.
Para entender en su justa perspectiva lo resuelto en el caso de Chemetronics, id., procede entonces que hagamos una pequeña sinopsis del mismo. En ese caso, los hechos versaban sobre dos empleados que por sí y en representación de otros cincuenta empleados, presentaron contra su patrono, el 6 de mayo de 1997, una “acción de clase” en reclamación de vacaciones no acreditadas, horas extras no pagadas, trabajo realizado en el séptimo día de descanso, etc. Casi dos años después, el 26 de marzo de 1999, los demandantes presentaron una demanda enmendada, pero no solicitaron que la acción fuera certificada como un pleito de clase.
El 22 de julio de 1999, los demandantes informaron la intervención de dos nuevos demandantes y así lo autorizó el tribunal. Inconforme, Chemetronics presentó una moción de desestimación bajo el fundamento de que cuando las enmiendas a la demanda intentan añadir un nuevo demandante, el momento para determinar el término de prescripción será la fecha en que éste se incluye por primera vez en la demanda. A esos efectos, el patrono demandado alegó que como uno de los nuevos demandantes dejó de trabajar en agosto de 1994 y solicitó intervenir en la demanda el 22 de julio de 1999, su acción estaba prescrita, ya que el término de prescripción para solicitar salarios es de tres años.
En su oposición, los demandantes expusieron que como la demanda original se presentó como un pleito de clase, entonces la demanda original interrumpió el término de prescripción de los nuevos demandantes. Sin embargo, el Tribunal de Primera Instancia acogió el planteamiento de Chemetronics y dictó sentencia parcial en la que desestimó por prescripción la demanda de uno de los obreros que solicitó intervención.
En apelación, citamos aquella parte del caso Rivera Castillo v. Mun. de San Juan, 130 D.P.R. 683 (1992, *665 que resuelve que cuando se presenta una demanda como un pleito de clase, aun cuando el tribunal deniegue la certificación de clase, se interrumpe la prescripción de las reclamaciones de todos los miembros de la alegada clase. De ese modo, dijimos, se renuevan los términos de prescripción desde la fecha en que el tribunal denegó la certificación de clase, aunque tales miembros potenciales no hayan sido acumulados como demandantes en la demanda de clase que no se certificó como tal.
Bajo el marco de la doctrina antes esbozada, resolvimos en Chemetronics, supra, que el obrero en cuestión dejó de trabajar en agosto de 1994 y que al momento de presentarse la demanda original el 6 de mayo de 1997 era un miembro potencial de la frustrada clase. Así las cosas, expusimos que como las reclamaciones para el pago de beneficios laborales prescriben a los tres años y que al momento de presentarse la demanda original no habían transcurrido tres años desde que el obrero dejó de trabajar, el término prescriptivo de las reclamaciones fue interrumpido.
La parte más importante de la sentencia de Chemetronics, supra, radica en que resolvimos claramente que no fue hasta que se decidió no tramitar la demanda como un pleito de clase el 26 de marzo de 1999, que comenzó a correr un nuevo término de prescripción de tres años aplicables a las reclamaciones del obrero interventor. Por lo tanto, concluimos que como éste presentó su intervención a sólo cuatro meses de denegada la certificación de pleito clase, su reclamación no se encontraba prescrita.
VI
A la luz de todo lo anteriormente expuesto, no estamos de acuerdo con los demandantes-apelantes, Medina y otros, en cuanto a que el caso Caguas L.Y. v. Tribunal Superior, supra, resuelve que la presentación de una demanda al amparo del Artículo 13 de la Ley. Núm. 379, supra, tiene el efecto de interrumpir la prescripción para todos los potenciales demandantes. A nuestro entender, dicho caso resuelve que la presentación de ese tipo de demanda es una invitación para que otros potenciales demandantes se unan al pleito si así lo desean.
Al leer el referido Artículo 13, supra, no se nos habla sobre el momento en que un nuevo demandante adviene a ser parte del pleito representativo, es decir, si desde que se presenta la demanda original o desde el momento que interviene en la misma. Como ya expusimos, ya el Panel del Circuito IV de este foro apelativo intermedio concluyó, a base de una interpretación de la legislación federal, que dicha participación tan sólo existe desde el momento que la persona interviene en el pleito, por lo que la mera presentación de la demanda no constituye una interrupción para todos los potenciales demandantes. Rafael A. Rodríguez Vega y otros v. Syntex, Inc., supra.
Tomando como correcta la premisa anterior, habría que resolver que las tres demandas presentadas en 1995 por otros ex empleados de Pfizer no tuvieron el efecto de interrumpir la prescripción para los aquí demandantes-apelantes, sino que constituyeron una invitación para que otros potenciales demandantes se unieran si así lo deseaban. Por cierto, los aquí demandantes-apelantes, Medina y otros, nunca intervinieron en ninguno de esos tres pleitos, sino que presentaron un pleito independiente en el 2001, cuando nueve de ellos ya habían finalizado labores con Pfizer hacía más de 4 a 6 años atrás. Véase sobre el particular, Determinación de Hechos Núm. 4 de la Sentencia Parcial Apelada; Ap. Apel., pág. 236. Como expusimos anteriormente, tanto la derogada Ley Núm. 96, supra, como la nueva Ley Núm. 180, supra, establecen que por el transcurso de tres años prescribirá la acción en reclamación de salarios, horas extras y período de tomar alimentos.
Aun dejando al lado la interpretación hecha por este foro apelativo intermedio en el caso de Rafael A. Rodríguez Vega y otros v. Syntex, Inc., supra, bajo otros fundamentos también llegaríamos a la conclusión de que la demanda se encuentra prescrita para los nueve codemandantes antes identificados. No podemos perder de perspectiva que aun tomando como cierto que los casos del 1995 se presentaron como pleitos de clase al amparo de la Ley Núm. 379, a dichos pleitos se les denegó la certificación como pleito de clase en el año 1997. *666 La corrección o incorrección de esa actuación no es algo que esté ante nuestra consideración.
Como ya resolvimos en Chemetronics, supra, al presentarse una acción de clase, se paralizan los términos prescriptivos beneficiando así a todos los prospectos miembros de la clase. Denegada la certificación, los términos de prescripción comienzan a computarse nuevamente desde la fecha de la denegatoria. Véase además, Dr. José A. Cuevas Segarra, supra, pág. 411.
Los demandantes-apelantes no cuestionan que la denegatoria a la certificación de pleito de clase ocurrió el 7 de mayo de 1997 y la demanda de autos se presentó el 15 de mayo de 2001, es decir, más de cuatro años después de denegada dicha certificación. Conscientes de esta situación, los demandantes-apelantes aducen que dicha denegatoria advino final y firme treinta días después del 25 de agosto de 1998, fecha en que el Tribunal Supremo denegó una moción de reconsideración sobre este asunto. Escrito de Apelación, pág. 8: Determinación de Hechos Núm. 7 de la Sentencia Apelada; Ap. Apel., pág. 236. A esos efectos, argumentan que la prescripción debe comenzar a computarse nuevamente desde esa fecha en el 1998. No les asiste la razón.
Como determinación interlocutoria, la negativa de certificar un pleito de clase sólo es revisable mediante auto de certiorari. Conocido es que la presentación de un certiorari no tiene los efectos de paralizar los trámites en el Tribunal de Primera Instancia. Véase Regla 53.9 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 53.9. Ver también la Determinación de Hechos Núm. 7 de la Sentencia Apelada; Ap. Apel., pág. 236. Además, el resultado de denegar la certificación de la clase no varió en el proceso apelativo. Así pues, a base del caso que invocan los demandantes-apelantes, el término se computaría desde la denegatoria de la certificación de la clase y no desde la conclusión del proceso de certiorari. Por lo tanto, la prescripción comenzó a computarse nuevamente el 7 de mayo de 1997, por lo que al presentarse la demanda de autos en mayo de 2001, ya habían pasado más de los tres años contemplados en la derogada Ley Núm. 96, supra, ó la vigente Ley Núm. 180, supra, para presentar las acciones correspondientes a su amparo.
Queremos dejar claro que no estamos resolviendo nada sobre los efectos que pueda tener la presentación de una demanda al amparo del Artículo 13 de la Ley Núm. 379 en cuanto a la prescripción se refiere. Ello no es necesario, ya que a la luz de los hechos específicos de este caso, aun viendo los pleitos del 1995 como pleitos de clase que interrumpieron la prescripción para potenciales demandantes, la demanda de autos se encuentra igualmente prescrita para nueve de los co-demandantes.
A la luz de lo anteriormente expuesto, resolvemos que los alegados errores segundo, tercero y cuarto no se cometieron.
VII
Aclarado y resuelto lo anterior, procede que atendamos el quinto señalamiento de error presentado por los demandantes-apelantes, Medina y otros. Específicamente, alegan que erró el tribunal al sostener que las reclamaciones de los demandantes que aún laboran para Pfizer están limitadas a los últimos tres años de empleo anteriores a la presentación de la demanda, y al sostener que las reclamaciones de la codemandante que terminó de laborar en agosto de 1999, está limitada a los últimos tres años de empleo anteriores a su cesantía.
Tal y como lo admite la propia demandada-apelada, Pfizer, la demanda no se encuentra prescrita para los codemandantes que aún laboran para dicha compañía, así como para la ex-empleada que dejó de laborar en agosto de 1999. Habiendo sido presentada la demanda de epígrafe en mayo de 2001, la ley aplicable es la Ley Núm. 180, supra. Según lo explicado anteriormente, dicha ley establece de forma clara que cuando el empleado está trabajando para el patrono, la reclamación judicial sólo podrá incluir los salarios adeudados por cualquier concepto, durante los tres años anteriores a la fecha de la demanda. Ese es el caso de los codemandantes apelantes, Carmen M. Ocasio de Jesús, José Rijos Rosario y Rubén E. Santos Morales.
*667 De otro lado, la ley dispone que en caso de que el empleado hubiera cesado en su empleo con el patrono, la reclamación sólo podrá incluir los últimos tres años anteriores a la fecha de la cesantía. Ese es el caso de la co-demandante-apelante, Milagros Medina Díaz.
Siendo la determinación del Tribunal de Primera Instancia cónsona con la ley aplicable, el quinto error señalado tampoco se cometió.
VIII
Por otro lado, los demandantes-apelantes, Medina y otros, argumentan que erró el Tribunal de Primera Instancia al no permitir la intervención de diecisiete (17) codemandantes adicionales por vía de la demanda enmendada. Escrito de Apelación, pág. 19.
La Regla 13.1 de las de Procedimiento Civil, supra, dispone que una vez notificada una alegación respondiente a la demanda ésta sólo se podrá enmendar con permiso del tribunal o mediante consentimiento por escrito de la parte contraria. La doctrina ha establecido que el tribunal debe conceder el permiso para enmendar la demanda liberalmente, aún en etapas avanzadas de los procedimientos. Pérez Cruz v. Hospital de la Concepción, 115 D.P.R. 721, 737, n. 4 (1984). No obstante, dicha liberalidad está condicionada por el momento en que se solicita la enmienda, el impacto de la misma sobre la pronta adjudicación del pleito, la razón o justificación para la demora o inacción del promovente de la enmienda, el perjuicio que la misma causaría en la parte contraria y la naturaleza y méritos de la enmienda. Epifanio Vidal, Inc. v. Suro, 103 D.P.R. 793, 796 (1975).
Como vemos, la decisión para conceder autorización para enmendar las alegaciones descansa en la discreción del tribunal. Dr. José A. Cuevas Segarra, supra, pág. 317. De hecho, las enmiendas para adicionar nuevas reclamaciones deben concederse más liberalmente que cuando se trata de enmiendas para adicionar partes. Id., pág. 318.
Al analizar el caso, y según se desprende de la propia sentencia parcial apelada, la demanda de epígrafe se presentó en mayo de 2001, año y medio después (26 de noviembre de 2002) se presentó una demanda enmendada para incluir 17 demandantes adicionales.
En cuanto a este asunto, el tribunal mencionó que permitir la enmienda a la demanda acarrearía dilación para la solución final del pleito, aparte de la supuesta complicación para el manejo del mismo tanto por las partes como para el propio tribunal. Si bien es cierto que esas consideraciones están dentro de la discreción del tribunal, éstas por sí solas no derrotan la política reconocida jurisprudencialmente a los efectos de permitir las enmiendas a la demanda de forma liberal y aun en etapa avanzadas de los procedimientos. Pérez Cruz v. Hospital..., supra.
Luego de permitir la enmienda, el tribunal podrá determinar, a la luz de lo aquí resuelto, para cuáles de dichos nuevos codemandantes se encuentra prescrita y para cuáles no.
Por lo tanto, el error señalado se cometió. El Tribunal de Primera Instancia debió permitir la enmienda a la demanda y permitir la inclusión de los codemandantes señalados en la enmienda a la demanda.
IX
Por último, los demandantes-apelantes, Medina y otros, argumentan que erró el Tribunal de Primera Instancia al prejuzgar los méritos de la nueva teoría esbozada en la demanda enmendada, a pesar de que ninguna de las partes le planteó una controversia justiciable sobre su procedencia en ley.
Al presentar su solicitud para enmendar la demanda, los demandantes-apelantes, Medina y otros, *668 expusieron que interesaban presentar la nueva teoría de que “las solicitudes de reducción de dicho período [de tomar alimentos] que pudieran haber sido radicadas ante el Negociado de Normas del Departamento del Trabajo propiamente deben considerarse como peticiones administrativas y no como contratos”. Ap. Apel., pág. 158. Argumentaron que el efecto más importante de ello es que cualquier permiso expedido por el Departamento del Trabajo, pero no notificado a los trabajadores, no adquirió vigencia por impedirlo la cláusula constitucional que garantiza el debido proceso de ley constitucional. Id.; Réplica a Oposición a Solicitud para Presentar Demanda Enmendada, pág. 2; Ap. Apel., pág. 209.
El Tribunal de Primera Instancia concluyó en la sentencia parcial apelada que “no existen razones de política pública que justifiquen que se tenga que obtener la aprobación del Secretario del Trabajo para legitimar el acuerdo entre las partes para reducir el período de tomar alimentos”. Sentencia Apelada, pág. 5. Así las cosas, concluyó el tribunal que las solicitudes para reducir dicho período suscritas por los demandantes son de naturaleza contractual y no administrativa.
Al plantear este sexto y último alegado, los demandantes-apelantes, Miranda y otros, no cuestionan la corrección o incorrección de lo resuelto por el tribunal sobre este aspecto. Escrito de Apelación, págs. 23-24. Sólo se limitan a plantear que el Tribunal de Primera Instancia estaba impedido de entrar a los méritos de la nueva teoría que se intentó presentar en la demanda enmendada. Alegan que las reglas de procedimiento civil sólo permiten que un tribunal entre a los méritos de un asunto antes del juicio, a través de los mecanismos de sentencia sumaria, desestimación o sentencia por las alegaciones. También fundamentan su argumento en que el tribunal ni siquiera permitió la demanda enmendada, por lo que no debió entrar a los méritos de la nueva teoría esbozada.
Como expusimos al atender el señalamiento de error anterior, al momento de evaluar si se permite la enmienda de la demanda, el tribunal podrá estudiar la naturaleza de la enmienda y los méritos de la misma. Eso fue precisamente lo que hizo el tribunal en este caso.
Lo que nos llama la atención es que para fundamentar su determinación sobre los méritos de la enmienda en cuanto al período de tomar alimentos, el tribunal citó la Exposición de Motivos de la Ley Núm. 83 de 20 de julio de 1995, la cual tuvo el propósito de enmendar ciertas disposiciones de la Ley Núm. 379, supra. A esos efectos, citó aquella parte de la exposición que establece que a la luz de las circunstancias al momento de aprobarse la ley, no hay razón para que el Departamento del Trabajo tenga que aprobar las reducciones al período de tomar alimentos. Si bien es cierto que la Ley Núm. 83, supra, eximió el requisito de que el Departamento del Trabajo tenga que aprobar dichas reducciones, no es menos cierto que la propia ley contempla una excepción. Específicamente, el Artículo 14 dispone que “el Secretario del Trabajo podrá autorizar que el período de tomar alimentos pueda efectuarse entre la segunda y tercera hora consecutiva de trabajo”. 
Al estudiar la demanda original, así como la demanda enmendada, se desprende que hay alegaciones en el sentido de que “el patrono demandado, muchas veces obviaba el período de tomar alimentos, y además, adelantaba el comienzo del mismo para antes de concluir la tercera hora... ”. Demanda Original, pág. 3; Ap. Apel., pág. 3; Demanda Enmendada, pág. 4, Ap. Apel., pág. 180.
A la luz de lo anterior, el tribunal no pudo ser tan categórico al suponer que la autorización del Secretario del Trabajo nunca será necesaria. Ello dependerá de cuál es la alegación específica que se esté haciendo y de la circunstancia particular de cada uno de los codemandantes-apelantes. Al tener la oportunidad de dilucidar esas circunstancias en una vista en su fondo, el tribunal podrá entonces determinar en qué casos era necesaria la intervención del Departamento del Trabajo y en cuáles no, y así poder tener un marco más claro para adjudicar la nueva teoría de los demandantes-apelantes. Por lo tanto, resolvemos que se debió permitir enmendar la demanda a los únicos efectos de permitir la nueva teoría sobre el período de tomar alimentos.
*669 X
Por los fundamentos anteriormente expuestos, modificamos la sentencia parcial apelada a los únicos efectos de permitir la nueva teoría sobre el período de tomar alimentos presentada por los codemandantes-apelantes para quienes la demanda no se encuentra prescrita, es decir, Carmen M. Ocasio de Jesús, José Rijos Rosario, Ruben E. Santos Morales y Milagros Medina Díaz. También modificamos la sentencia apelada a los efectos de permitir la inclusión de los diecisiete (17) codemandantes adicionados en la demanda enmendada. Así modificada, se confirma la sentencia en sus demás extremos.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 3
1. En el epígrafe de la demanda se lee “Milagros Medina y otros”. Los nombres de los otros co-demandantes se desprende del Anejo A de la demanda según se aclara en el texto de la misma.
2. Rafael Villafañe y otros v. Warner Lambert, Inc.; Kelly Services, Inc., sobre pleito de clase en reclamación de salarios. (KPE95-0509).Ap. Apel., págs. 91-102.
3. Héctor W. Mujica Del Valle y otros v. Warner Lambert, Inc; Kelly Services, Inc., sobre pleito de clase en reclamación de salarios por horas trabajadas durante el período para tomar alimentos y no pagadas a tiempo adicional (KPE95-0595). Ap. Apel., pág. 103-110.
4. Juan M. Castillo Navarro y otros v. Warner Lambert, Inc. y Kelly Services, Inc., sobre pleito de clase en reclamación de salarios por horas trabajadas durante el período para tomar alimentos y no pagadas a tiempo adicional. (KPE95-0596). Ap. Apel., pág. 111-118.
5. El tribunal se refería a los siguientes codemandantes-apelantes: María Lorenzada Ojeda, José A. Morales Colón, Expedito Santiago, Juño Ramos castro, Enereida Rivera Burgos, Ricardo Rivera Veve, Hiram Rosario Vélez, Ana L. Torres Oyóla y Monroig Zelmira Villanueva. Sentencia Parcial Apelada, pág. 15; Ap. Apel., pág. 245.
6. De acuerdo a la sentencia parcial, la demanda se encuentra prescrita para los siguientes codemandantes: María Lorenzada Ojeda, José A. Morales Colón, Expedito Santiago, Julio Ramos Castro, Enereida Rivera Burgos, Ricardo Rivera Veve, Hiram Rosario Vélez, Ana L. Torres Oyóla y Monroig Zelmira Villanueva.
No obstante, en la sentencia parcial también se resuelve que “en cuanto a la co-demandante Milagros Medina Díaz, la demanda no se encuentra prescrita, ya que el período prescriptivo de tres (3) años comenzó a decursar en agosto de 1999, cuando cesó sus labores para la co-demandada-apelada, Warner Lambert. También concluyó el tribunal que el término prescriptivo no ha comenzado a decursar en cuanto a los codemandantes Carmen Ocasio de Jesús, José Ríos Rosario y Rubén Santos Morales ya que aún son empleados de Warner Lambert. ” Sentencia Parcial Apelada, pág. 19 n 12; Ap. Apel., pág. 249.
7. En su escrito de apelación, los codemandantes-apelantes, Medina y otros, alegan que dicha denegatoria de certificación como pleito de clase sólo fue final cuando el Tribunal Supremo declaró sin lugar una moción de reconsideración. Alegan que fue desde ese momento que comenzó a decursar nuevamente el término prescriptivo de tres (3) años para que potenciales miembros de la clase reclamasen salarios de sus patronos. Escrito de Apelación, pág. 9.
8. §246d. Término de prescripción
(a) Por el transcurso de tres (3) años prescribirá la acción en reclamación de salarios que pueda tener un empleado contra su patrono al amparo de las sees. 245 et. seq. De este título, de los decretos mandatarios ya aprobados o que se aprueben de acuerdo con sus disposiciones, de las órdenes promulgadas por la Junta, o al amparo de cualquier contrato o *670 ley. Para la prescripción de esta acción, el tiempo se contará desde que el empleado cesó en su empleo con el patrono. El término de prescripción antes indicado se interrumpirá y comenzará a transcurrir de nuevo por la reclamación de la deuda de salario al patrono, judicial o extrajudicialmente, por el obrero, su representante, o funcionario del Departamento con facultad para ello y por cualquier acto de reconocimiento de la deuda por el patrono.
(b) Cuando el empleado estuviere trabajando con el patrono, la reclamación solamente incluirá los salarios a que tuviere derecho el empleado, por cualquier concepto, durante los últimos (10) años anteriores a la fecha en que estableciere la acción judicial.
(c) En el caso de que el empleado hubiere cesado en su empleo con el patrono, la reclamación solamente incluirá los últimos (10) años anteriores a la fecha de su cesantía.
9. E.g.: “Under provision of this section whereby no person can become party plaintiff and no person will be bound by, or may benefit from, judgment entered in action under this chapter unless he has affirmatively “opted into” the class by giving his written, filed consent, pure class actions pursuant to Rule 23, Federal Rules of Civil Procedure, Title 28, are precluded in suits.” Lachapelle v. Owens Illinois, Inc., 513 F. 2d. 286 (1975). Véanse además, Groshek v. Babcock and Wilcox Tubular Products División, 425 F. Supp. 232 (1977); Pentland v. Dravo Corp., 152 F. 2d 851 (1945).
10. Específicamente, se dijo lo siguiente en dicho caso:

“Aunque nuestras disposiciones legales, nada disponen sobre el momento a partir del cual un empleado comienza a ser parte de un pleito radicado al amparo del Artículo 13 de la Ley 379, supra, por ser la sección 256 del Fair Labor Standards Act, complementaria de la sección 216(b), de la cual surge nuestra acción representativa, adoptaremos su interpretación.

Es decir, que en el caso que nos ocupa, el pleito comenzó para los once (11) codemandantes, aquí peticionarios, a partir del 20 de diciembre de 1999, fecha en que presentaron su Moción Informando Intervención. Resolver como alegan los peticionarios que con la radicación del pleito de Olga M. Rodríguez Rosado, se interrumpió para todos los empleados que estuvieran en circunstancias similares, equivale a darle vida eterna en los tribunales a la presente reclamación. ”

11.§283. Horas de Trabajo-Fijación de aviso sobre horas de trabajo; modelos impresos

El período destinado a tomar alimentos deberá comenzar a disfrutarse no antes de concluida la tercera ni después de comenzada la sexta hora de trabajo consecutiva, de manera que en ningún momento se requiera a los empleados trabajar durante más de cinco (5) horas consecutivas sin hacer una pausa en las labores para alimentarse. Disponiéndose que por vía de excepción y conforme a la reglamentación promulgada a esos efectos, el Secretario del Trabajo y Recursos Humanos podrá autorizar que el período de tomar alimentos pueda efectuarse entre la segunda y tercera hora consecutiva de trabajo. ”